JOHNSON, Judge.
This present proceeding was initiated by a motion filed on behalf of plaintiff on *584 February 24, 1960, for a rule nisi to show cause why alimony for herself and her minor son should not be increased from $175.00 to $350.00 per month. The rule was made returnable on March 4, 1960. As the result of exceptions filed by defendant, the plaintiff filed an amended motion on June 29, 1960, and the rule was then made returnable on August 11, 1960. Continuances were granted and the rule was tried in part and again postponed to permit an auditor to make an audit of the financial affairs of both plaintiff and defendant. The trial was completed and judgment rendered on January 6, 1961. The increase of alimony was denied and the rule was recalled. The plaintiff has appealed.
When plaintiff and defendant were divorced several years ago custody of a minor son, now eight years old, was awarded to the mother. In 1958 the defendant was ordered by the late Judge Stitch to pay alimony for herself at $75.00 per month and $100.00 for the support of the minor son. In 1959 Judge Viosca dismissed plaintiff’s first application to increase the awards.
At the time both of these previous applications for increases were before the District Court, the income of each of these parties was about the same as it is today. The evidence here shows that the plaintiff is the owner of a residence in the City of New Orleans containing several apartments which produces revenue, when occupied of $225.00 per month. This does not include the apartment occupied by plaintiff and her son. Plaintiff, of course, occupies that apartment free of rent. For several months, at different periods, and from September 1959 until May 1960, plaintiff worked for a salary of $55.00 per week. She said she quit work because when she worked- it was necessary to employ a maid at $25.00 per week, and because of that and other incidental expenses, her employment was not profitable.
The record shows, without question, that plaintiff is heavily in debt to banks, finance companies, mortgage holders and on open accounts, which she said resulted from inadequate contributions toward her support by defendant. There is evidence to show that her apartment house has a value of $23,000.00 and the monthly payments on mortgages, totaling $20,000 against the property, amount to $227.00. In addition there are monthly payments on various other debts referred to above. It is significant to note, however, that in the meantime plaintiff has felt able to buy an automobile and eight acres of land near Covington, Louisiana, the monthly payments for both of which, of course, add to her financial burden.
We are impressed by the fact that this matter has been considered by three district Judges who have denied her applications for increases. While we are not bound by these rulings in the trial Court, the evidence must be convincing to show error in those rulings.
In the trial of the present rule in the District Court, the transcript shows that a certified public accountant was employed to study and report to the trial Court on the financial details of both parties. The auditor testified that he was not furnished sufficient information by plaintiff to enable him to make a full audit of her affairs. He did list some of the debts, the monthly payments on which amounted to $362.89. The evidence presents quite a conglomeration of items and amounts which we find impossible to reconcile entirely with the contention that the comparatively small amount of defendant’s contribution to plaintiff was the cause of her financial distress.
At the time the District Court initially fixed the alimony to be paid by defendant at the present figure, the defendant was an assistant District Attorney at a salary of $10,300.00 per year. There has been no change in that salary. From his monthly salary of $858.33 there are withheld deductions of approximately $358.33 per month, leaving a net earning *585 of approximately $500.00 per month. It is argued that the amount of the deductions includes about $112.00 per month which goes to a retirement fund, the contribution to which is voluntary. Be that as it may, we feel justified in including the deduction as part of defendant’s necessary expense. Taking the $175.00 which defendant is paying from the $500.00 net salary, the defendant has only $375.00 per month.
The preponderance of the evidence does not justify any disturbance of the present arrangement and we find no error in the trial Court ruling. The judgment appealed from is affirmed with costs to be paid for by plaintiff.
Judgment affirmed.