144 So.2d 925 (1962)
Mrs. Doris Castay LYTELL
v.
Kermit LYTELL.
No. 257.
Court of Appeal of Louisiana, Fourth Circuit.
September 4, 1962.
Rehearing Denied October 15, 1962.
Certiorari Denied November 27, 1962.
*926 Reed, Reed, Reed & Garvey, Corwin B. Reed, Floyd J. Reed, New Orleans, for plaintiff-appellant.
Thomas Barr, III, New Orleans, for defendant-appellee.
Before AYRES, DAWKINS, and ALLEN, JJ.
AYRES, Judge.
This appeal concerns the adequacy of an award of alimony for the support of two minor children, issue of the marriage of plaintiff and defendant. The custody of the minors had been awarded their mother, the plaintiff and appellant herein, who appears in their behalf.
The contention is that the trial court erred in excluding evidence concerning, and in refusing to consider, in fixing the award, the earnings of defendant's second wife.
The record discloses these facts: In an action for a divorce, plaintiff was awarded custody of the two minor children.
The judgment was silent as to any alimony or support. Subsequently, however, plaintiff instituted by rule an action for support of the children. Upon trial thereof, the evidence established that defendant's net earnings were $52.76 per week. The court, on a basis of that income, ordered and condemned defendant to pay alimony for the support of the minors at the rate of $22.00 per week. The record further establishes that subsequent to the divorce, defendant remarried. The second wife operates a hotel and apartments in which she and defendant live. The court, however, excluded all evidence concerning her income. In so doing, plaintiff contends the court committed error.
By the very act of marrying, fathers and mothers contract together the obligation of supporting, maintaining, and educating their minor children. LSA-C.C. Art. 227. This support, commonly denominated "alimony," is understood to be what is necessary for the nourishment, lodging, and support of the person who claims it, and includes the expense of education when the person to whom it is due is a minor (LSA-C.C. Art. 230), and is granted in proportion to the wants of the person requiring it and the circumstances of those who are to pay it. LSA-C.C. Art. 231.
The question, however, is whether or not the second wife's income should be considered in a determination of defendant's ability to pay. A wife's earnings, under LSA-C.C. Art. 2334, whether from a separate trade or business, as a public merchant or otherwise, fall within the community, if she is living in community with her husband at the time such business is carried on. Succession of Howell, 177 La. 276, 148 So. 48; Houghton v. Hall, 177 La. 237, 148 So. 37; King v. Dearman, La.App. 1st Cir., 1958, 105 So.2d 293. Thus, the husband's interest therein, an undivided one-half, may be taken into consideration in fixing the amount awarded for the maintenance and support of his children by a former marriage. Fazzio v. Krieger, 226 La. 511, 76 So.2d 713.
Nor, it has been held, should one required to pay alimony be relieved therefrom, either wholly or partially, when he has brought about his own untenable financial condition by voluntarily incurring subsequent obligations secondary to the alimony obligation, which renders him unable to meet that obligation. Thus, a primary obligation of the husband is to support, maintain, and educate his children from a first marriage, and, although he has a right to remarry, he may not be allowed to assert *927 cost and indebtedness by reason of a second marriage as a basis for relief of the obligation he owes the children of his first marriage. Laiche v. Laiche, 237 La. 298, 111 So.2d 120. As was pointed out in Harris v. Harris, La.App. 3d Cir., 1961, 127 So.2d 747 (writs denied),
"* * * In Gantz v. Wagner, 188 La. 833, 178 So. 367, the court considered the combined income of the husband-father and that of his second wife in determining the ability of the husband to pay alimony where it was shown that the first wife and children of the first marriage were in necessitous circumstances. And in Pierce v. Pierce, 213 La. 475, 35 So.2d 22, the fact that the second wife worked was considered in determining the ability to pay."
The conclusion, therefore, appears inevitable that, in determining the alimony to be paid for the support of the minors, the defendant's total income, which included his one-half community interest in his second wife's earnings, should have been considered. Hence, it was error prejudicial to the children's claims and interests that the proof as to the second wife's income was excluded. We, therefore, find it necessary to remand the case for the reception of such evidence.
During argument, it was insinuated that there had been a change in defendant's marital status; that a separation from his second wife had been effected, and, therefore, it was no longer possible to take into account her earnings and income in fixing the amount of alimony due by the defendant herein. This constitutes no part of the record and cannot be considered by us. However, if such be the fact, it may be, under appropriate pleadings, established on the remand.
For the reasons assigned, the judgment appealed is hereby annulled, avoided, reversed and set aside; and
It is now Ordered, Adjudged and Decreed that this cause be, and it is hereby, remanded to the Honorable, the Civil District Court for the Parish of Orleans, and ordered reopened for the introduction of evidence concerning the earnings and income of defendant's second wife, so far as such earnings or income comprise assets of the community of acquets and gains existing between defendant and his said wife, and to be there proceeded with in accordance with law and consistent with the views herein expressed.
The cost of this appeal is assessed against the defendant-appellee; all other costs shall await final judgment.
Reversed and Remanded.