CHASEZ, Judge.
This proceeding was instituted by rule filed on behalf of J. David McNeill for a reduction in the amount of alimony awarded by the court to his former wife, Mrs. J. David McNeill (Margaret McNeill). The pleadings, briefs and evidence in this matter indicate that, by judgment of the court, Mrs. McNeill was awarded the custody of her minor child, Robert Barra McNeill and J. David McNeill was ordered to pay her $100.00 per month for the support and maintenance of the minor and $75.00 per month for her support and maintenance.
The present rule was filed herein by J. David McNeill on May' 25, 1962; the exceptions of no right and no cause of action filed by Mrs. McNeill,, having been overruled, the case was tried on the merits and a judgment rendered herein on the 14th day of June, 1962, reducing the “ * * * alimony paid by the said J. David McNeill to Mrs. Margaret McNeill * * * by $75.00 per month from the present amount paid, reserving to defendant in rule the right to apply for alimony in the future upon proper showing of mover’s ability to pay.”
The effect of this judgment deprives Margaret McNeill of all alimony, as under the order of the court $75.00 per month was the full amount allocable to her.
The basis of the rule filed is that the financial status of J. David McNeill has drastically changed; that at the time this alimony was set he was employed in the District Attorney’s office and earned a salary of $10,250.00 per year; this employment has terminated and that he has no source of income whatever; that he intends to reopen his law office and begin anew the private practice of law but at the present time is without funds and is unable to meet this alimony obligation to his former wife. He further states that his former wife, at the time of filing of the rule, was employed and earned a salary of approximately $400.00 per month and was still living in the premises owned by her.
The evidence shows that at the time the rule was filed the defendant in rule was not only unemployed but that the premises which she owned, and in which she resided, were heavily mortgaged and was at the time subjected to foreclosure because of her inability to make the payments due under her contract; that for a considerable time prior to this proceeding she was without tenants and the premises were not producing any revenue whatever. The court heretofore on a similar rule had occasion to observe the financial status of both of these parties, as reported in La.App., 139 So.2d page 583, in which the court stated at page 584:
“The record shows, without question, that plaintiff (Mrs. J. David (Margaret) McNeill) is heavily in debt to banks, finance companies, mortgage holders and on open accounts, which she said resulted from inadequate contributions toward her support by defendant. There is evidence to show that her apartment house has a value of $23,000.00 and the monthly payments on mortgages, totalling $20,000 against the property, amount to $227.00. In addition there are monthly payments on various other debts referred to above.” (Parenthesis added.)
There is not much change reflected by the evidence taken in this case. While the court is convinced that some relief should be granted to the plaintiff in rule herein, J. David McNeill, we feel, in view of the fact that Mrs. McNeill is in necessitous circumstances, that this relief should not exceed one-half of the sum presently paid by J. David McNeill for the support and. maintenance of his former wife under the order of the court and the judgment of the lower court should be amended accordingly.
It is therefore ordered, adjudged and decreed that the judgment of the Civil Dis *309 trict Court, rendered on the 14th day of June, 1962, be amended so as to provide, as of the date of said judgment, that the said J. David McNeill shall pay alimony to Mrs. Margaret McNeill at the rate of $37.50 per month for her support and maintenance and that there shall be reserved to her the right to apply for an increase of alimony in the future upon proper showing of the ability of the said J. David McNeill to pay. All costs of this proceeding shall be borne by the appellant, J. David McNeill.
Amended and rendered.