SARTAIN, Judge
Plaintiff-husband instituted this action for a divorce from defendant on grounds of having lived separate and apart for a period in excess of two years. The defendant filed an answer admitting that she and plaintiff had in fact lived separately as alleged hut reconvened praying that she be absolved of any fault attributable to the separation between them, that she be awarded tire custody of the two minor children issue of their marriage, and that she be granted alimony for herself and support for the said children in the amount of $180.00, a sum she was previously receiving via a military allotment.
The trial judge rendered judgment in favor of plaintiff for divorce, awarded custody of the two children to defendant, and condemned plaintiff to pay to defendant the sum of $130.00 per month for the support of the two children. Defendant has appealed from that portion of said judgment pertaining to support for the two children, contending that the trial judge abused his discretion therein and that the amount should be increased to the sum of $180.00. Plaintiff answered the appeal urging the correctness of the judgment.
It is noted here that defendant’s reconventional demand was for alimony for herself and support for her children. Her counsel argues in brief that it was stipulated at the trial that she was without fault attributable to the separation. This assertion is not refuted by plaintiff. Both briefs deal with the inadequacy and adequacy respectively of the amount decreed as though it was for both the wife and children. It is apparent from the reading of the pleadings, the evidence and briefs that the failure of the judgment to include alimony for the wife was an oversight not called to the attention of the trial judge. We shall amend the judgment accordingly, so that the same shall provide for both alimony for the wife and support for the children. LSA-C.C.P. Art. 2164.
The evidence presented to the trial judge and upon which he based his award is not in basic conflict. Plaintiff is a corporal in the United States Marine Corps. His base pay is $233.10 per month. In addition he is given a quarters allowance of $105.00, for a total of $338.10. He listed his expenses as follows: $105.00, allotment to his wife; $100.00, savings allotment to a bank, from which $89.97 is applied to a loan made for the purchase of an automobile; $25.00, withholding tax; $9.79, social security; and, $2.00, life insurance; or a total of $241.79, leaving him a net pay after the above deductions of $96.31.
Defendant listed expenses for herself and her two children totaling $249.00 per month, itemized approximately as follows: $90.00, food; $25.00, milk; $20.00, clothes; $4.00, shoes; $25.00, medicine; $15.00, doctors; $6.00, entertainment; $14.00, kindergarten; and, $50.00 to her parents with whom she resides. Defendant urged that from January, 1964, until March, 1966, she received an allotment from her husband in the amount of $180.00 and that this sum is the *208 minimum amount necessary for herself and her children. She further contended that plaintiff’s ability to pay this sum is substantiated by the fact that he did so for a period in excess of two years. She further argues that plaintiff voluntarily impaired his ability to continue to pay the sum of $180.00 by purchasing a car and incurring a monthly obligation of $89.97 in January of 1966, when he reduced his allotment to her to $105.00 per month. She contends that such an obligation and consideration thereof by the trial judge is contrary to the rule announced in Laiche v. Laiche, 237 La. 298, 111 So.2d 120, wherein the Supreme Court stated:
“Indeed, any voluntary act by a parent which renders it difficult or impossible to perform the primary obligation of support and maintenance of his children cannot be countenanced as a ground for release, either wholly or partially, from the obligation.”
With respect to this last contention of defendant, the authority of Laiche v. Laiche, supra, is not entirely applicable here. For one reason, the amount previously paid by plaintiff in this instant cause was voluntarily determined. Secondly, the obligation was incurred during the existence of the community of acquets and gains previously existing between the parties and the plaintiff as head and master of the community is liable therefor. Lastly, plaintiff testified that a portion of the sum borrowed was for court costs and attorney fees, items that he is personally responsible for anyway. While the rule announced in the Laiche case may well have its application prior to an initial judicial determination of an amount for alimony or support, it primarily applies to the situation where a person seeks modification of a prior judgment and is denied relief because of his own financial irresponsibility. The matter of this particular obligation of the plaintiff is an item of expense to be accorded such weight and consideration by the trial judge as in his judgment is warranted when considering the overall picture of plaintiff’s ability to pay.
We find no argument with the expenses itemized by defendant as constituting the sum needed for herself and her two small girls, ages 5 and 2. However, needs of a wife and children must be satisfied out of a husband’s and father’s ability to pay and it is the rule rather than the exception that the ability to pay is the limiting factor for rarely in matters of this sort is there found sufficient income to satisfy the honest requirements of both.
Plaintiff testified that in January of 1964, after consultation with his superior officer, he authorized an allotment to his wife in the amount of $180.00 per month, of which amount he contributed $75.00, leaving him $28.00 to $33.00 for “extracurricular activities, cigarettes, and so on.” His financial situation was relieved somewhat when in April of 1965 he was sent to Viet Nam and remained there until December of 1965, during which time he received additional hazardous duty pay of $65.00 per month. It was shortly after his return to this country and his loss of the extra pay that he withdrew his $75.00 contribution, thus reducing the net allotment to his wife to $105.00'. It is acknowledged that in addition to his base pay he is furnished food, quarters and a clothing allowance.
Considering the above demands of the wife and the income and expenses of the husband, the trial judge did not abuse his discretion in setting alimony and support in the amount of $130.00. After crediting plaintiff with the difference between the car note payment and that portion credited to his savings account of $10.03, he is left with the sum of $106.34 per month to satisfy his own personal requirements.
Defendant urges that consideration be given to the fact that plaintiff is contemplating a promotion and further that he owes only a balance of $400.00 on the car and that upon the occurrence of his promotion or satisfaction of the obligation on the car, his ability to pay will be greatly increased. These are matters that address themselves to future deliberations and re *209 view. Alimony and child support are subject to modification upon the showing of proper changes of circumstances both as to need and ability to pay. Rose v. Rose, La.App., 177 So.2d 659.
Both plaintiff and defendant argue in brief the effect of plaintiff’s remarriage, which of necessity must have occurred between the date of the trial in the district court and the hearing before us on appeal. The contentions of each in this regard are based on facts completely outside the record and must be urged, if justified, in a proper proceeding to modify the previous judgment.
For the above and foregoing reasons, the judgment appealed from is amended to decree that the sum awarded therein is to include alimony for the wife and support for the minor children. In all other respects, the judgment is affirmed. Appellant is hereby cast for costs of this appeal.
Amended and affirmed.