204 So.2d 76 (1967)
Salvator Anthony ZARA
v.
Joy PAJARES, Wife of Salvator Anthony ZARA.
No. 2499.
Court of Appeal of Louisiana, Fourth Circuit.
November 6, 1967.
*77 Schaff, Currier & Mouledoux, John M. Currier, New Oreans, for plaintiff-appellee.
Miranne, Grevemberg & Organ, Donald V. Organ, Donald M. Pierce, New Orleans, for defendant-appellant.
Before McBRIDE, REGAN, and CHASEZ, JJ.
REGAN, Judge.
The plaintiff, Salvator A. Zara, filed this pleading in the lower court endeavoring to obtain a reduction of child support payments in the amount of $60.00 per week, which he had been ordered to pay for the support of his minor children. The defendant, that is, the mother of the children, opposed the plaintiff's right to reduce the foregoing amount predicated upon the hypothesis that the sum which Zara was then paying was needed for their support.
From a judgment in favor of the plaintiff reducing his weekly payments from $60.00 to $45.00, the defendant has prosecuted this appeal.
The record discloses that at the time of the hearing of the alimony rule the two children were eleven and five yares of age respectively. The defendant, the former Mrs. Zara, had remarried, and was residing with her second husband in the home which belonged to the community of acquets and gains formerly existing between herself and Zara.
The testimony adduced herein revealed the following itemization of the expenses incurred by Zara in the normal course of weekly living:

Child support ................................................. $ 60.00
Mortgage note (house occupied by wife and children) ........... $ 22.00
Car note ...................................................... $ 17.00
Rent (his apartment) .......................................... $ 12.00
Utilities (his apartment) ..................................... $ 4.00
Food .......................................................... $ 15.00
Insurance on automobiles owned by Mr. and Mrs. Zara ........... $ 4.50
Children's allowance and care of children on weekend visits.... $ 10.00
Doctor bills .................................................. $ 3.00
Income tax for himself with two children as dependents ........ $ 25.00
Cleaning bills ................................................ $ 7.00
Insurance on the house occupied by his wife and children ...... $ 1.65
Automobile upkeep and operation ............................... $ 6.00
Personal incidentals and entertainment ........................ $ 10.00
Life insurance on himself and his children .................... $ 5.90
Total expenses ................................................ $203.05

Zara explained that he withdrew the sum of $179.00 weekly from a business jointly owned by himself and his brother, so that he operated at a net weekly deficit of $24.05. He asserted that this amount was drawn out of the business, thereby necessitating the withdrawal of an equal amount therefrom by his brother, which, of course, diminished the net worth of the business and its ability to produce income.
Mrs. Zara then offered her testimony in an effort to establish the amount of the living expenses necessary for the support of *78 her two minor children. In the course of her testimony, Mrs. Zara grew quite emotional and a recess was ordered to permit her to compose herself. In consequence thereof, the trial judge did not require her to read from the list prepared by her which summarized the monthly expenses for maintaining and supporting the children. Instead, he permitted each attorney to examine the list and thereafter interrogate Mrs. Zara concerning its contents. It suffices for the moment to state that the total of her itemized expenses was $303.00 for the monthly support of the two children.
Several of the items contained in Mrs. Zara's list were questioned by opposing counsel and also by the trial judge. For example, when interrogated as to the sum of $40.00 for automobile expenses incurred in supporting the two children, Mrs. Zara testified that she drove her daughter to dancing school, occasionally to the doctor, and to nursery school. She also claimed that $16.00 per month was expended for baby sitters despite the fact that due to her recent marriage she no longer worked. In explanation thereof, she asserted that she required the services of a baby sitter when she visited her doctor or when she was required to leave her home. She laboriously testified that she expended the sum of $44.00 a month for nursery school for her 5 year old son. She explained that she was suffering from anemia and that the child was placed in the nursery school in order to permit her to obtain some rest as recommended by her physician. The trial judge also questioned Mrs. Zara's estimate of $80.00 per month expended for food for the two children, and the repartee which occurred between him and Mrs. Zara convinces us that it was his opinion that part of the $80.00 included the cost of food consumed by herself and her second husband. The same implication emanates from the trial judge's questioning of Mrs. Zara with respect to the cost of domestic help, laundry and various other items.
The defendant complains in this court that the lower court permitted the introduction of evidence over his objection which did not conform to the pleadings. He insists that the motion filed herein by the plaintiff was intended to eliminate alimony for Mrs. Zara since she had remarried, and consequently, the pleadings were not sufficient to permit the introduction of evidence to reduce the child support payments. We agree that the wording of the plaintiff's motion is ambiguous; however, it is sufficiently clear to the effect that he desired to obtain a reduction of the payments made for the children's benefit. Since no payments were being made to Mrs. Zara for herself, we are convinced that the mere mention of alimony for Mrs. Zara was erroneous and constituted surplusage. The trial judge very wisely, ordered the case continued for one week in order to afford the defendant sufficient time to prepare an answer to the question as to the amount needed for the support of her children, and since the question of the reduction of child support payments was in fact raised in the plaintiff's motion, to reiterate, we are quite sure that the defendant suffered no prejudice and that the lower court was technically correct in hearing the issue of child support.[1]
The initial question posed for our consideration by the defendant is whether the plaintiff demonstrated a sufficient change in his circumstances to justify the lower court's reduction of child support payments. It is clear that in conformity with the rationale of Article 232 of the Louisiana Civil Code, as interpreted by the Supreme Court in the case of Holman v. Holman,[2] an award of alimony previously fixed and determined is not subject to reduction unless a change of circumstances in the person obligated to pay or the person to whom the payments are made can *79 be demonstrated.[3] In this case, the change of circumstances has been amply shown by the plaintiff. He testified that by virtue of his inability to file a joint return and other tax advantages lost by virtue of the divorce from the defendant, he is obliged to pay approximately $25.00 per week more than he had been previously paying to the government. The record also discloses that the lower court did not attach much credence to the testimony of the defendant or to the itemized list of expenses offered in her behalf. The judge's disbelief was justified, since it is quite apparent from a cursory reading of the record that the expenses itemized by the defendant included some expenditures incurred for the benefit of her second husband.
Moreover, it is quite obvious that the defendant's estimate of her expenditures was inflated. Therefore, in addition to the change of circumstances demonstrated by the plaintiff in his decreased ability to pay, the record also reveals a change of circumstances with respect to the actual need of the recipients of these payments. In view thereof, we conclude that a sufficient change of circumstances is reflected by the record, and that the lower court was fully justified in considering and then acting upon the evidence adduced to lower the child support payments.
In connection with the merits of the defendant's complaint that the lower court committed error in reducing the amount of child support payments from $60.00 per week to $45.00 per week, the evidence discloses no manifest error on his part in so doing. To again reiterate, the record leaves no doubt that the lower court did not believe the statements made by Mrs. Zara in enumerating the expenses incurred in supporting her children. The law and the jurisprudence emanating therefrom is quite clear to the effect that while the primary duty of supporting children born of a marriage devolves upon the husband, the ability of the wife to add or contribute to this support must also be considered by the trial judge. In the case of Poydras v. Poydras,[4] the court pointed out that pursuant to Article 227 of the Civil Code, both fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children. In the case of Black v. Black,[5] the rationale of Article 227 was cogently explained by the organ for the court in these words:
"* * * It is the duty of a father to contribute to the support of his child. Civil Code, art. 229. This duty rests upon the father during the minority of the children and is not effected by divorce or separation. The fact that Mrs. Black is earning more than Mr. Black does not relieve Mr. Black of the obligation of contributing to the support of his children, although it may justify the award of a less amount than would be granted in case Mrs. Black was in necessitous circumstances."
In the case of Lytell v. Lytell,[6] the court reasoned that the husband's interest in the earnings of his second wife must be considered in determining his ability to make child support payments on behalf of children born of his first marriage. The case before us amply transposes the parties involved in this situation. Here, the evidence reveals that the defendant wife has remarried, and consequently, she has a community interest in the income of her second husband which must be considered in evaluating her ability to contribute to the support of the minor children born of her first marriage.
Thus, while the primary duty is imposed upon the husband to support the children *80 born of the marriage, the wife's ability to contribute to this support, in conformity with the rationale of Article 227 of the Civil Code must be taken into consideration by the trial judge.
In view of what we have said hereinabove, we are compelled to reach the inevitable conclusion that the lower court reasoned correctly in lowering the child support payments from $60.00 per week to $45.00 per week.
For the foregoing reasons, the judgment of the lower court is affirmed.
The defendant is to pay all costs incurred in these proceedings.
Affirmed.
NOTES
[1] See La.C.C.P. Art. 862.
[2] 219 La. 138, 52 So.2d 524 (1951).
[3] See also Qvistgaard-Petersen v. Qvistgaard-Petersen, 135 So.2d 669 (La.App., 1961).
[4] 155 So.2d 221 (La.App., 1963).
[5] 205 La. 861, 18 So.2d 321 (1944).
[6] 144 So.2d 925 (La.App., 1962).