220 So.2d 775 (1969)
Billy Roy MORACE
v.
Josephine Louise MORACE.
No. 7600.
Court of Appeal of Louisiana, First Circuit.
March 10, 1969.
Rehearing Denied April 14, 1969.
*776 Walton J. Barnes, Baton Rouge, for appellant.
Joseph A. Gladney, Baton Rouge, for appellee.
Before LANDRY, SARTAIN, and MARCUS, JJ.
MARCUS, Judge.
Appellee, Billy Roy Morace, was granted a divorce from the appellant, Josephine Louise Morace, by judgment dated June 2, 1965 of the Family Court for the Parish of East Baton Rouge, wherein Billy Roy Morace was ordered to pay Josephine Louise Morace the sum of $45.00 per week as alimony and support for herself and the four minor children of the marriage, of which amount $20.00 per month was decreed to be alimony for appellant. This was the same amount which had been originally fixed by judgment of the Family Court on October 15, 1963.
Upon discovering that appellant had remarried, appellee moved the court to amend its judgment of June 2, 1965 by reducing the alimony to $36.00 per week and in effect ceasing the payment of alimony for support of the appellant Josephine Louise Morace.
The appellant filed a cross rule asking that the alimony for the maintenance and support of the four minor children be increased to $350.00 per month and that alimony in arrears in the amount of $234.00 be made executory and that the appellee be found in contempt.
The Trial Judge amended and modified the previous judgment by a judgment signed on April 9, 1968 and fixed the amount of support at $40.00 per week thereby stopping the payment of alimony for support of appellant herself, and made executory the alimony in arrears in the amount of $234.00. No disposition was made as to the contempt portion of the rule as this had been abandoned during the course of the hearing on the rule.
The appellant, Josephine Louise Morace, has perfected a devolutive appeal contending *777 that the amount of alimony awarded to her for the support of the four minor children is insufficient in light of appellee's ability to pay and the needs of the minor children of the marriage.
The evidence reveals that both appellee and appellant have remarried since the judgment of divorce. Josephine Louise Morace and her four children are living with her husband in Jackson, Mississippi whereas Billy Roy Morace resides with his wife and her children in Baton Rouge.
Josephine Louise Morace testified to items needed by the children which totalled an amount equal to $435.75 per month. She further testified that her income amounted to $65.00 per week gross pay or about $56.33 per week take-home pay.
Billy Roy Morace on the other hand testified as to items of expenses totalling $584.62 but upon cross examination it was evident that many of the enumerated items included expenses for his second wife and her children. He further admitted that his expenses ran around $400.00 per month. He further testified that his gross pay was $116.65 per week while his net take-home pay was $102.00 per week. While there was some evidence that he had received larger take-home checks in the past when he had worked overtime, the evidence did not indicate that such overtime was regular or consistent and therefore was properly disregarded.
The record further reveals that in addition to appellee and appellant working, the wife of appellee and the husband of appellant were also gainfully employed. The trial court refused to allow into evidence the expenses of Billy Roy Morace's second marriage as well as the income of his present wife. He further refused to allow into evidence the income of Josephine Louise Morace's present husband.
By the very act of marrying, fathers and mothers contract together the obligation of supporting, maintaining, and educating their minor children. (LSA-C.C. Art. 227). This support, commonly denominated "alimony" is understood to be what is necessary for the nourishment, lodging, and support of the person who claims it, and includes the expense of education when the person to whom it is due is a minor (LSA-C.C. Art. 230), and is granted in proportion to the wants of the person requiring it and the circumstance of those who are to pay it. (LSA-C.C. Art. 231).
The jurisprudence is well settled that the primary obligation of the father is to support, maintain, and educate his children from his first marriage, and, although he has the right to remarry, he may not be allowed to assert the second marriage as a basis for relief of the obligation he owes to the children of the first marriage. See Newton v. Newton, 196 So.2d 575 (La.App. 1st Cir.1967); Meyers v. Bohrer, 176 So.2d 3 (La.App. 3rd Cir.1965); and Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (1959). Nevertheless, the necessary living expenses of the remarried father may be taken into consideration as one of the items in fixing alimony to children of the first marriage.
It is also well settled that a judgment awarding alimony is subject to change at any time when the circumstances of the parties justify the change or modification. Anderson v. Anderson, 158 So.2d 303 (La.App. 1st Cir.1963); Rabun v. Rabun, 232 La. 1004, 95 So.2d 635; Brown v. Harris, 225 La. 320, 72 So.2d 746; Smith v. Smith, 217 La. 646, 47 So.2d 32; Comstock v. Bourge, 210 La. 20, 26 So.2d 220. However, it is elementary that the person who seeks to change or modify the support award has the burden of proof to show that there has been a change in the needs of the person requiring it as compared to the circumstances of the person obligated to pay, before the original award may be changed or modified.
There seems no question but that the needs of the four children have increased since the award was originally fixed on October 15, 1963. In regard to *778 the question of the increased ability of appellee to pay, the trial court erred in excluding from consideration one-half of appellee's present wife's income in a determination of his ability to pay. It is a well settled and established point of law in this State that the earnings of the wife fall within the community of acquets and gains. This particular point was discussed and settled by the Fourth Circuit Court of Appeal in Lytell v. Lytell, 144 So.2d 925, 926 (La.App. 4th Cir.1962) wherein the court held that:
"The question, however, is whether or not the second wife's income should be considered in a determination of defendant's ability to pay. A wife's earnings, under LSA-C.C. Art. 2334, whether from a separate trade or business, as a public merchant or otherwise, fall within the community, if she is living in community with her husband at the time such business is carried on. Succession of Howell, 177 La. 276, 148 So. 48; Houghton v. Hall, 177 La. 237, 148 So. 37; King v. Dearman, La.App. 1st Cir., 1958, 105 So.2d 293. Thus, the husband's interest therein, an undivided one-half, may be taken into consideration in fixing the amount awarded for the maintenance and support of his children by a former marriage. Fazzio v. Krieger, 226 La. 511, 76 So.2d 713."
While the Trial Judge erred in excluding one-half of appellee's present wife's income in the determination of his ability to pay as aforesaid under Lytell v. Lytell, supra, and Fazzio v. Krieger, supra, he did not err in excluding from consideration the income of appellant's husband. In the Lytell and the Fazzio cases, the courts reasoned that the husband's interest in the community earnings of his second wife must be considered in determining his ability to pay child support on behalf of the children of his first marriage. In Zara v. Zara, 204 So.2d 76 (La.App. 4th Cir.1967) defendant wife had remarried and since she had a community interest in the income of her second husband, the court concluded that her second husband's income must also be considered in evaluating her ability to contribute to the support of the minor children born of her first marriage. However, in the case at bar, appellant lives with her husband in Jackson, Mississippi. While there is no evidence in the record as to the law of the State of Mississippi, the court under Article 1391 of the Code of Civil Procedure takes judicial notice of the fact that Mississippi is not a community property State and that the wife has no interest in the income of her husband. Accordingly, the trial court was correct in not allowing testimony as to appellant's husband's income.
After carefully reviewing the record, we find no error in the determinations of the trial judge except for his failure to take into consideration one-half of appellee's wife's income as an element in determining appellee's ability to pay. According to a proffer made over an objection which was sustained as to the testimony regarding appellee's wife's income, the record indicates that appellee's wife's income is $70.00 per week, one-half of which would be $35.00 per week. The trial court set the alimony for the support of the minor children at $40.00 per week. Taking into consideration one-half of appellee's wife's income as aforesaid, we feel constrained to increase the judgment of the trial court from $40.00 to $50.00 per week. In all other respects the judgment of the lower court is affirmed and appellee is cast for such costs as permitted by law.
Amended and affirmed.
SARTAIN, Judge (dissenting).
For reasons hereinafter set forth I find that I cannot concur with the result reached by the majority in the instant matter. The facts set forth in the main opinion are correct, however, it is the application of these facts to the announced principles of law which prompts this dissent.
The majority opinion is based on three basic propositions, namely: (1) that the *779 primary obligation of a father is to support, maintain and educate his children and although he has a right to remarry, he cannot assert the second marriage as a basis for relief from this primary obligation (Laiche v. Laiche, supra, etc.); (2) that since the earnings of a second wife fall within the community of acquets and gains, one-half thereof is to be considered in determining the second wife's husband's increased ability to pay alimony (Lytell v. Lytell, supra, and Fazzio v. Krieger, supra); and (3) that when the mother remarries, she has a community interest in her second husband's income and this interest is to be considered in evaluating the mother's ability to contribute to the children borne of her first marriage (Zara v. Zara, supra). I shall hereinafter refer to these propositions as Laiche, Fazzio and Zara, respectively.
In the case at bar both mother and father have remarried and each of their respective spouses are wage earners. In each home there are children of a prior marriage. The father and his second wife reside in Baton Rouge. The children, whose support is the subject of this litigation, live with their mother and her second husband in Jackson, Mississippi.
The father was originally condemned to pay the sum of $45.00 per week as support for his children and alimony for his first wife. Twenty dollars per month of this sum was decreed to be alimony. The district court modified its previous judgment by eliminating the $20.00 originally designated as alimony for the mother. The trial judge undoubtedly considered that as a practical matter the scales were balanced and he would not permit evidence either as to the obligations of the second marriages or the incomes of the second spouses. Under the particular facts of this case, I find that his decision is correct and should be permitted to stand.
It is a well settled rule of law that much discretion is vested in the trial judge in his determination of child support or alimony payments. It is equally well settled that each case should be judged on its own merits to the end that substantial justice is accorded each litigant. I respectfully submit that the decision of the majority does not accord to each litigant substantial justice.
The proposition enunciated in Laiche is sound, practical and has for its purpose the assurance that a parent owing a duty of support cannot by their own endeavor bring about conditions which impair this duty. Laiche should be considered for this proposition and this proposition alone. It does not have for its purpose the placement of a premium on or a stumbling block to a second marriage.
However, when we consider Laiche with Lytell we have an anomalous result. A second marriage which involves a husband who has a primary obligation to support children of a prior marriage is justly handicapped; but, this is not to say that a penalty should be placed upon the endeavors of the second wife and that one-half of her income is a circumstance which increases her husband's ability to pay. Under this situation the second marriage suffers the blunt of both rules and the advantage of neither. Ironically, it is often the case that the second wife must work because of her husband's primary obligation to support children of a prior marriage, and, then she finds little relief in her efforts because one-half of her income is to be considered as increasing her husband's ability to pay which defeats her purpose for working and compounds the problem.
I do not believe that Lytell should be restricted to the deliberate interpretation rightly accorded to it by the majority when it said "the husband's interest [is] * * * an undivided one-half * * *" of the second wife's earnings. If Lytell is to be followed the obligations of the second community must be considered to determine whether or not there are any "net" proceeds which yield "an undivided one-half" so as to determine if a husband's condition is in fact improved. The barring of consideration *780 of debts of a second marriage as announced in Laiche does not and should not be permitted to exclude the obligations of the second community. If the obligations of the second community standing alone exhaust the resources of the second wife the husband's ability to pay is not increased. Admittedly, the obligations of the second marriage should go no further than that and should not be permitted to impair the father's ability to pay.
Lytell (4th La.App., 1962) followed Fazzio (La.Sup.Ct., 1954). In Fazzio the principal concern there was whether or not a prior judgment of child support was a debt or a natural obligation of the father so as to determine whether or not it could be carried over and be imposed upon a second community. It is interesting to note that Fazzio did not say that the obligations of the second community could not be considered when the second wife's earnings were used as a basis for increasing her husband's payments for children of a prior marriage. The implication in Lytell that one-half of the gross income of the second wife is to be considered as added earnings of the husband thereby increasing his ability to pay is not supported by Fazzio. Fazzio simply said that the earnings of the second wife are to be considered.
In considering Zara (4th La.App., 1967) it is noted that the earnings of a second husband were "considered" in determining the mother's mutual obligation of support because she had a "community interest" in the income of her second husband. Accordingly, the amount previously paid by the father was reduced ostensibly on the earnings of the second husband. It is significant to me that in Zara the earnings of the second husband do not appear in the report. I also note that the opinion specifically attached very little weight to the mother's testimony relative to the needs of the children. It is also noted that the mother and her second husband were occupying a house belonging to the first community and which was being paid for by the father of the children. The second community was also using the first community's automobile which was also being paid for by the father. The opinion in passing states that the parties in Zara and Lytell are transposed. Assuming that the result of Zara is in fact based upon the earnings of the second husband, the majority has failed to apply its ruling to the case at bar because the wife and her second husband live in Mississippi which is not a community property state.
I believe that the law of the state where child support is sought should control and that if Fazzio and Zara are applicable to Louisianans they are also applicable to any other person availing themselves of and submitting themselves to the jurisdiction of Louisiana courts and that the earnings of Mrs. Morace's second husband, though living in Mississippi, should be considered.
The further inequity of the majority opinion is evidenced by the fact that one-half of Mr. Morace's present wife's income is used to determine that he is in a better position now to pay increased child support notwithstanding the fact that his present wife has two children and they reside with him. I fail to see how this does not necessarily impair this mother's ability to support her own two children. The practical effect is that money is being taken from one group of children and given to another.
At the risk of belaboring the matter, Mrs. Morace was permitted to prove up her children's needs by showing the gross expenses of her second home and then assigning to her children a pro-rata portion of these expenses. This was done without the court's benefit of knowing her husband's income so as to in fact determine whether or not the expenses attributable to her children were justifiably pro-rated.
All of this points up the problems attending the duty of child support, the needs of the children, the effect it has on second marriages, and the inequities that follow when certain rules of law adopted for one particular situation are carried to *781 their ultimate conclusions under different circumstances.
Lastly if the trial judge did in fact commit error in not considering the income of the second spouses or the expenses of the second households, I think this case should be remanded so that such income and expenses can be considered in determining whether or not there is a change of circumstances which warrant any change or modification of the decree.
Rehearing denied.
SARTAIN, J., dissents from the decision refusing to grant a rehearing.