223 So.2d 709 (1969)
Mrs. J. David McNEILL
v.
J. David McNEILL.
No. 3550.
Court of Appeal of Louisiana, Fourth Circuit.
June 2, 1969.
Driscoll, Flanagan & Ramos, James T. Flanagan, New Orleans, for plaintiff-appellee.
*710 Richard A. Dowling, New Orleans, and Clement F. Perschall, for defendant-appellant.
Before HALL, BARNETTE and LeSUEUR, JJ.
BARNETTE, Judge.
This matter is presently before the court on appeal by the defendant, J. David McNeill, from a judgment on rule increasing alimony payments to his former wife and minor child from $250 per month to $80 per week. The judgment specifically condemns the defendant to pay $55 per week for support of his minor child and $25 per week for support of his former wife, plaintiff-appellee herein, payments to be made weekly beginning May 1, 1968.
On October 29, 1965, a judgment was rendered in these proceedings, increasing an earlier judgment and ordering the payment by defendant to his former wife and child in the amount of $250 per month. The judgment from which he now appeals is an increase of that judgment.
This litigation has been in the courts for many years with numerous rules for changes in the alimony judgment and for contempt. It has twice been before this court on the issue of alimony. See 139 So.2d 583 (1962) and 156 So.2d 307 (1963). The issue before us on this appeal is not new. It involves the needs of the wife and child and the means of the defendant to pay.
On trial of the rule below, the defendant testified as follows:
"I am making no complaint whatsoever about supporting my child. The only question I am raising is alimony for Mrs. McNeill. * * *"
It would appear from this remark that the issue here is the $25 per week specifically provided for the wife, but this is not correct. The appellant's complaint is that the change from $250 per month ($3,000 per year) to $80 per week ($4,160 per year) is actually an increase of $96.66 per month. He has no objection to the allocation of $55 per week to his child, nor does he contend that $25 per week for the wife is excessive, but that the total, representing an increase of $96.66 per month, is more than he can pay. Apparently the trial judge felt that $25 per week was a nominal sum to expect a man of Mr. McNeill's profession to pay to his divorced wife. In this we would agree, but this is not truly the issue before the court, as we have pointed out. The issue is the increase of $96.66 per month.
The defendant argues that there is no justification for an amendment of a judgment to grant an increase in alimony in the absence of evidence of a change of circumstances.
Alimony to a divorced wife has been characterized as a pension or a gratuity, and it may be modified at any time to meet the changing needs of the wife and the husband's means to pay. Brown v. Harris, 225 La. 320, 72 So.2d 746 (1954); Comstock v. Bourge, 210 La. 20, 26 So.2d 220 (1946); Graves v. Graves, 197 So.2d 206 (La.App. 1st Cir. 1967); Derussy v. Derussy, 175 So.2d 15 (La.App. 4th Cir. 1965); Jones v. Floyd, 154 So.2d 604 (La. App. 3d Cir. 1963). The courts of this state have never hesitated to change alimony decrees in proper cases to conform with change of circumstances. The cases so holding are too numerous to warrant citation. In all such cases, however, the factor of prime importance is evidence of a change of circumstances.
On trial of the rule presently before us on this appeal, the plaintiff, Mrs. McNeill, offered no evidence whatever of a change of circumstances, either with respect to her needs or the means of the defendant to *711 pay. The substance of her testimony is simply that the amount she has been receiving, $250 per month, is not enough. She argues that "since he [the defendant] is an attorney, not a laborer or anything, it seems to me he should be able to do better than this for his child."
In fixing the amount of alimony to be paid a divorced wife, the trial judge has much discretion and his judgment will not be disturbed unless there is a clear showing of abuse of that discretion. Such judgments are never final in the sense generally applied to judgments, but may be modified as we have indicated; however, it is not sufficient reason merely that the judge upon reconsideration at a later date decides that his prior award was too law or too high. If there was error in the award it should have been corrected on timely motion for a new trial or appeal. Thereafter on a rule to modify, in the absence of evidence to show a change of circumstances, the former judgment must stand. Brown v. Harris, supra; Zara v. Zara, 204 So.2d 76 (La.App. 4th Cir. 1967); Jones v. Floyd, supra.
The record before us on this appeal is entirely wanting of evidence to indicate a change of circumstances since the judgment of October 29, 1965. The trial court therefore was in error in modifying that judgment.
Therefore it is now ordered, adjudged and decreed that the judgment of the trial court ordering defendant, J. David McNeill, to pay alimony in the sum of $80 per week for support of his minor son and former wife is annulled, and the judgment of October 29, 1965 is reinstated whereby defendant is condemned to pay $250 per month alimony, costs of this appeal to be paid by appellant.
Judgment on rule vacated and former judgment reinstated.