BOUTALL, Judge.
We consider now an appeal from a judgment granting a reduction in alimony for child support. Appellee, Mr. Sergio Lopez, had been granted a reduction in payments for support of his minor child, after final divorce was rendered between the parties herein, from 30% of his monthly salary and commissions as an automobile salesman to a straight $150.00 per month. The divorced wife, defendant in rule, appeals suspensively from this judgment.
A judgment of separation was rendered on September 11, 1967. This judgment granted, among other things, alimony payable to the mother for the support of the parties’ two minor children in the amount of $300.00 per month to be reduced to $200.00 per month after October 15, 1967 (when one child reached majority). The father fell in arrears, and twice the unpaid balance was reduced to money judgments. Various steps were taken to execute these judgments, including garnishment of wages and attempts at seizure of property. A final divorce was granted February 19, 1969, awarding custody of the minor child and $200.00 child support per month to the mother. Further arrearages resulted in another money judgment for the unpaid balance, and a rule for contempt. The wages of both Mr. Lopez and his second wife were thereafter garnished.
*356 On February 6, 1970, a motion for reduction of alimony resulted in a consent judgment which was signed by the judge which reflected a compromise between the parties: the rule for reduction was continued indefinitely, and alimony was fixed at 30% of the defendant’s earnings per month, to be deducted by the employer and sent directly to the recipient’s attorney. Thereafter, on June 2, 1970, Mr. Lopez filed another motion for reduction of alimony, which was heard on July 28. The record contains a minute entry stating that “Rule to Decrease Denied”, on July 28, 1970. No written judgment is contained in the record. Another motion for reduction was filed September 16, 1970, and a minute entry appears in the record of October 16, 1970, dismissing the motion “due to nonappearance of mover”. Again, the record before us contains no written judgment on this motion.
A third motion was filed October 27, 1970, and judgment was rendered November 13, 1970 in proper form, reducing the alimony. This is the judgment appealed from.
The evidence before us shows that subsequent to the consent judgment of February 6, 1970, Mr. Lopez’s second wife became pregnant, necessarily quit her job, and gave birth to a child. Counsel argues that this change in Mr. Lopez’s situation is grounds for reduction of alimony under LSA-C.C. art. 232, being a decrease in his ability to pay. We note that expenses of a second marriage voluntarily incurred may not be grounds for reduction of alimony. Morace v. Morace, 220 So.2d 775 (La.App. 1st Cir. 1969), Cert. den. 254 La. 287, 223 So.2d 410 (1969); Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (1959); Lytell v. Lytell, 144 So.2d 925 (La.App. 4th Cir. 1962). These cases deal with situations where a husband by a second marriage assumed expenses in supporting the second wife’s children by previous marriage. A child born of the second marriage, however, may not be such a voluntary expense, and support of this child is a legal obligation of the father. The birth of another child, and its expenses then, may be properly accorded a change in the husband’s ability to pay alimony.
We further note that the evidence shows a substantial reduction of Mr. Lopez’s income subsequent to the February 8 judgment. Mr. Lopez’s salary, and commissions, averaged around $700.00 monthly in early 1970, ranging from approximately $608.00 to $1,037.00 each month. At this time, the second Mrs. Lopez was also working bringing a substantial extra amount of income into the community. Income of the second wife’s employment may be considered, at least as to the husband’s undivided half interest therein, in evaluating the husband’s ability to pay alimony. Morace v. Morace, supra; Fazzio v. Krieger, 226 La. 511, 76 So.2d 713 (1954). Subsequently, the second Mrs. Lopez, becoming pregnant, was unable to work. Later, in the summer of 1970, Mr. Lopez’s own earnings averaged out to somewhat less, from $570.00 in June to $886.00 in November averaging around $600.00. Therefore, the income available to Mr. Lopez to support himself and his second family had dropped considerably by November 1970; his own earnings were about $100.00 per month less, and the extra income of the wife was unavailable. We note that the percentage fixed as alimony was arrived at when the second Mrs. Lopez was earning a salary which she contributed to the support of that marriage. Mr. Lopez was thus able to count on 70% of his earnings plus the extra income from the second wife’s wages for living expenses; in November, 1970, he was still paying the 30%, which averaged close to the same amount each month ($180.00-$200.00), but did not have the extra income from the wife’s wages as well. This is a considerable change in the ability of Mr. Lopez to pay. We note that the appellant’s income remains $10,000.00 per year, and that the child’s expenses have increased only a very *357 slight amount upon leaving grammar and entering high school. The discretion of the trial court in awarding a reduction to $150.00 per month for these reasons will not be disturbed on appeal.
There is authority to the effect that in order to reduce alimony, the circumstances must change between the last judgment fixing alimony and the date of motion for reduction. Holman v. Holman, 219 La. 138, 52 So.2d 524 (1951). The changes in Mr. Lopez’s circumstances occurred before the last hearing, but after the last effective judgment. As noted above, no effective judgment has as yet been rendered on the last two motions by Mr. Lopez; they have not been reduced to writing and signed and are not appealable until this is done. Mr. Lopez as yet has not been afforded a chance to appeal from these last two hearings, which we note were held in summer recess before another judge unfamiliar with the case.
Rather than remand this case to the district court for effectuation of these judgments, from which Mr. Lopez may certainly thereafter appeal, we elect to use the discretionary powers of this court granted under article 2164 of the Code of Civil Procedure, and render a judgment which will end the matter here and now. The evidence in the record, introduced in the November hearing, is substantially the same as that introduced in the previous hearing. Considering this, we will not remand and wait for a second appeal on the same grounds and evidence. The judgmony for child support to $150.00 per month is affirmed, and the previous judgments of October 16, 1970 and July 28, 1970, if hereafter properly rendered, are annulled as to their effect after November ment of November 13, 1970, reducing ali-13, 1970. Costs of this appeal are assessed against appellant.
Affirmed.