REGAN, Judge.
This appeal is from a judgment ordering Dr. Mayer Heiman to pay each month the respective sums of $888.67 for the support and $237.00 for the education of his three minor children. This aspect of the litigation was initiated when Dr. Heiman filed a motion to termination alimony payments of $700.00 per month to his wife and to reduce a previous award for child support from $500.00 to $400.00 per month, exclusive of school tuitions. Mrs. Heiman answered and asserted that she was entitled to alimony and requested that the award for child *70 support be increased from $500.00 to $1,-000.00 per month.
The judgment which both parties are now endeavoring to modify was a consent judgment whereunder Dr. Heiman’s total monthly liability was $1,437.00. The trial judge noted in the record that of this amount $700.00 was allocated as alimony for the purpose of affording Dr. Heiman a tax advantage since alimony payments are deductible whereas child support payments are not. The trial court did not specify to what extent alimony was overstated and child support understated in arriving at this consent judgment.
In any event, the lower court rendered judgment terminating the alimony award and increasing the child support judgment from $500.00 to $1,126.50. Mrs. Heiman answered the appeal requesting that this award be increased to $1,237.00 monthly. She does not dispute the termination of alimony for herself.
The record discloses that Dr. Hei-man netted $22,965.14 in 1970 after payment of federal and state taxes. This rule was tried in June, 1971, and based on his gross receipts for the first quarter of this year, his gross income will be substantially the same. His net income for that year will have been reduced slightly because for six months he will be required to pay tax on what he could previously deduct by virtue of alimony payments. While there is no computation in the record reflecting the exact amount which his income will be reduced by loss of this deduction, for the purposes of this opinion it can be estimated that he will net approximately $21,000.00. As the award for child support stands now, Dr. Heiman is obligated to pay $13,518.00 annually. This leaves $7,482.00 net annually for Dr. Heiman to support himself, or $623.50 per month. He itemizes his personal monthly living expenses at $1,230.00.
Mrs. Heiman has a monthly income of approximately $575.00. This figure is an estimate based on the evidence in the record. In 1970, she had a net income after taxes of $6,710.98. She had earned a net income of $9,960.86 as a real estate agent and her earnings for the year 1971 should not have changed substantially. This observation is predicated on her gross earnings for 1971 at the time this rule was tried and an assumption that she will have earned the same amount for the last six months of the year. From the nature of her occupation, there is no way to predict with certainty here prospective income for the future.
Counsel for Dr. Heiman argues that he is being pauperized by his child support obligations and has not sufficient funds to meet his own needs. He further reasons that his wife has sufficient funds from her income to defray some of the children’s expenses; therefore, in conformity with the rationale emanating from our jurisprudence[1], she is obligated- under these circumstances to bear part of the expenses of supporting the children.
We recognize the mother’s obligation to contribute to her children’s support under certain circumstances; however, the facts adduced herein convince us that Mrs. Heiman only has sufficient funds to support herself. In addition to meeting her portion of expenses for food, rent and maintenance of her home, she has other nondeductible expenses in conjunction with earning a living. In this connection, we are cognizant of the fact that she has wisely invested her funds and furnished her children with a home comparable to the affluent one in which they resided prior to the separation. She testified that she has to pay approximately $100 per month for that portion of the property which her family occupies. The balance is covered by rental revenue.
Relative to the needs of the children, Mrs. Heiman itemized them at a larger amount than she was finally awarded in child support. We need not engage in a *71 laborious discussion of the requirements as she set them forth, since it is apparent that her husband does not possess the means to pay the sum requested and still support himself.
In our opinion it is necessary to review the lower court’s finding and reduce the monthly award of child support since his income is not sufficient to furnish his children with all the items delineated as needs. The trial judge in lengthy oral reasons gave this breakdown of the judgment he rendered :
Housing $ 75.00
Food 250.00
Utilities 32.67
Telephone 6.00
Maid 200.00
Clothing 100.00
Lunch Money 41.00
Automobile 34.00
Weekend Trips 25.00
Summer Camp 75.00
Baby Sitting 20.00
Medical 30.00
$ 888.67
School Tuition ($2,854 per year) $ 237.83
Total Average
Monthly Payment $ 1,126.60
We are of the opinion that two items should be reduced, i. e., the $250.00 allowed for food should be reduced to $200.00 and the $200.00 allowed for the maid should be reduced to $131.25. In addition, the award of $75.00 per month for summer camp expenses should be eliminated simply on the basis this is a luxury Dr. Heiman cannot afford to provide and should not be reasonably expected to furnish under his present financial circumstances. This would reduce Dr. Heiman’s monthly obligation to $684.92 per month, exclusive of school tuitions.
With respect to the decrease of $50.00 per month for food, which does not include lunch money, and considering the children dine out at least twice a week with their father, we are convinced that $200.00 should be adequate to provide food for three small children.
The reduction in funds allowed toward paying a maid is based on this computation : Mrs. Heiman stated that she pays $2,704.00 annually to employ a maid. Of this amount she deducts $600.00 as a business expense. Thus when we compute her net earnings per month at approximately $575.00 we have already allowed $600.00 per annum toward payment of the maid. We are of the opinion that she alone should bear this portion of the maid expense. Her non-deductible expense for a maid is $2,-104.00 per annum or $175.00 per month. Since she also derives personal benefit from the maid’s services, we conclude that she should bear a proportionate share of the non-deductible expense or 14 x $175.00 = $43.75. This would reduce the award for the maid to $131.25 per month.
For the reasons assigned, the judgment appealed from is amended so as to reduce .the award of child support from $888.67 per month plus private school tuitions for the three children to $684.92 per month plus tuitions for the three children. In all other respects, the judgment appealed from is affirmed. Defendant-in-rule, Mrs. Heiman, is to pay all costs of this appeal.
Amended and affirmed.

. LSA-C.C. art. 227; Zara v. Zara, 204 So.2d 76.