DOUCET, Judge.
Plaintiff, Alice Paye Allen Liles, filed suit against her husband, Ronald D. Liles, Sr., for separation from bed and board, custody of their 16-year-old son, child support, and alimony pendente lite. The parties were awarded joint custody with the child residing with plaintiff during the school year and defendant during the summer months. Defendant was ordered to pay $150.00 per month in alimony pendente lite, $150.00 per month in child support, and various monthly expenses of the wife and child. Plaintiff appeals seeking an increase in alimony and child support while in his answer to plaintiff’s appeal, defendant seeks a reduction of the same. We affirm.
At the time of the hearing on the issues of alimony pendente lite and child support plaintiff and defendant each submitted income and expense statements. These affidavits were modified by the oral testimony of the parties. Plaintiff listed her total monthly expenses and those of her son as $2,375.52 per month with no income. After it was agreed that plaintiff and the son would live in the family home, her $600.00 monthly expense for rent and utilities was reduced to $159.00.
Defendant agreed to pay certain monthly expenses of plaintiff and the son including the house note, utilities, telephone, cable television, medical and dental expenses, insurance on the plaintiffs automobile, health insurance, special school tuition and clothing for the son. Subtracting the amounts claimed by plaintiff for these expenses left a total of $1,148.53 in monthly expenses.
Defendant listed monthly expenses which we calculate to be $538.22. This figure excludes fixed payments on outstanding obligations and any expenses of his wife and son. This figure also does not include the cost of housing and utilities for defendant since, at the time of the hearing he was living in the family home and could not estimate what those expenses would be once he moved out. Defendant’s gross monthly income was $2,331.25, his net income $1,558.73. Defendant also testified that he had fixed monthly obligations total-ling $743.00. This included payments on three loans and two credit card bills.
The trial judge subtracted the amount of defendant’s fixed monthly obligations and what he calculated was the amount of plaintiff’s expenses defendant would pay, from the amount of defendant’s net income which left $550.00 to cover defendant’s living expenses and any award of alimony and child support. It was then determined that defendant should pay $150.00 each in alimony pendente lite and child support.
On appeal plaintiff contends that the trial court erred in considering financial obligations incurred by defendant as coming before his duty to support his wife and child. It is also asserted that the trial court erred in not considering that defendant could have found additional employment to supplement his income. Plaintiff seeks an increase in the award of alimony and child support to $375.00 each per month.
Fathers and mothers have a mutual obligation to provide for the support, maintenance, and education of their children. LSA-C.C. art. 227; Chaudoir v. Chaudoir, 446 So.2d 951 (La.App. 3rd Cir.1984). Child support is to be fixed according to the needs of the children and the circumstances of the parents obliged to pay the support. LSA-C.C. art. 231; Marcus v. Burnett, 282 So.2d 122 (La.1973). A trial court is vested with great discretion in determining the amount of child support and its judgment will not be disturbed absent an abuse of discretion. Arceneaux v. Arceneaux, 426 So.2d 745 (La.App. 3rd Cir.1983).
Defendant testified that he owes approximately $20,000.00 on two loans made to pay credit card bills and refinance his pickup truck and motorboat. He also makes monthly payments on two credit card bills and on what is apparently another small loan. According to defendant’s testimony *704 the monthly payments on these obligations total $743.00. In addition to the loans it appears that defendant contracted most, if not all, of the credit card obligations. Plaintiff has been under the care of a psychiatrist throughout most of the marriage and defendant controlled the family finances.
Other than the motorboat which cost $2,000.00 when purchased in 1980, there is no evidence that any of the debts incurred were for anything other than the benefit of both spouses or the plaintiff. Defendant has a 1982 pickup truck and the plaintiff has a 1981 Datsun, both of which were purchased during the existence of the community regime and which benefit both spouses as each spouse had a vehicle for his or her own use. Debts contracted during the existence of the community property regime are presumed to be community obligations if they were incurred for the common interest of the spouses or for the interest of the other spouse. LSA-C.C. arts. 2361, 2363.
Plaintiff cites the case of Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (1959) as support for her proposition that the trial judge should not have considered the $743.00 per month in fixed obligations defendant pays every month. In Laiche a father was ordered to pay $150.00 per month for the support of his six children. Two years later he sought a reduction in child support because of increased obligations he had incurred due to his remarriage. The Supreme Court held that those subsequent obligations did not warrant a reduction in child support. Plaintiff cites this particular language used by the court:
“Indeed, any voluntary act by a parent which renders it difficult or impossible to perform the primary obligation of support and maintenance of his children cannot be countenanced as a ground for release, either wholly or partially, from the obligation.”
Despite this isolated portion of the Laiche, supra, opinion we do not find Laiche controlling in view of the facts of the instant case. In Laiche the obligations at issue were incurred by the father subsequent to the judgment ordering payment of child support and were his separate obligations. All of the obligations at issue in the case before us were incurred during the marriage, before the judgment ordering defendant to pay alimony and child support, and most are community obligations.
The rule of Laiche v. Laiche primarily applies to a situation where a person seeks modification of a prior judgment and is denied relief because of his own financial irresponsibility in having incurred debts subsequent to the judgment. Graves v. Graves, 197 So.2d 206 (La.App. 1st Cir.1967). We feel the trial judge properly considered defendant’s fixed monthly obligations in determining his ability to pay both alimony pendente lite and child support and find no merit in plaintiffs assertions to the contrary.
Plaintiff also contends that the trial judge should have considered that defendant, a fireman who works one 24-hour day and has the two following days off, could obtain extra employment on his days off to supplement his income. She cites the case of Guinn v. Guinn, 405 So.2d 620 (La.App. 3rd Cir.1981) in support of her position.
In Guinn, supra, evidence was introduced at trial which showed that the father, who was employed, had previously worked at different jobs paying higher wages than he was then receiving. The appellate court held that, in determining the ability of the father to pay child support, the trial court properly considered that the father could have found employment in a higher paying job if he so desired. In the instant case plaintiff does not contend that defendant could obtain employment in a higher paying position. Nor does she offer any evidence of extra-employment that defendant could engage in to supplement his income. In his job as a fireman, defendant works what is more or less the equivalent of a normal 40-hour work week. While defendant could probably seek extra employment if he so desired, we can find no support for plaintiff’s assertion that the trial court should have con *705 sidered that defendant could or should work more than a normal 40-hour work week.
By our calculation plaintiff has been relieved of approximately $786.00 in monthly expenses that defendant will pay. This calculation is based on the amounts listed in plaintiff’s income and expense statement except that we used $84.00 and $75.00, respectively, as her expenses for housing and utilities. However, it is impossible to determine an accurate figure based on the record since, among other reasons, defendant’s insurance will apparently pay many of plaintiff’s medical expenses rather than defendant paying the full amount.
In her brief on appeal plaintiff asserts that it will only cost defendant from $300.00 to $350.00 to pay her expenses. Adding the smaller figure, $300.00, to the $743.00 in fixed obligations results in a total of $1,043.00. This figure subtracted from defendant’s net income of $1,558.73 leaves $515.73 out of which defendant must pay a total of $300.00 in child support and alimony pendente lite. Defendant is left with $215.73 to pay his conservative estimated monthly living expenses of $538.22 plus whatever his housing and utility costs will amount to. Plaintiff, meanwhile, must make do with $300.00 to pay approximately $1,148.53 in generous estimated living expenses for herself and the couple’s 16-year-old son. This is indeed unfortunate but as the court in Graves, supra, noted, “[RJarely in matters of this sort is there found sufficient income to satisfy the honest requirements of both [the wife and children and the father].”
We reject defendant’s assertion contained in his answer that the total award made by the trial court is excessive as well as the assertions of error set forth by plaintiff. We find that under the facts and circumstances of this case, the trial court did not abuse its discretion in making this award.
For the foregoing reasons we affirm the judgment of the trial court. Costs of this appeal are assessed equally against plaintiff-appellant and defendant-appellee,
AFFIRMED.