ELLIS, Judge.
This is an appeal by Jimmie D. Ouber from a judgment fixing child support and visitation rights. Mr. Ouber’s former wife, now Mrs. Judith Ratcliff Ouber White, has custody of their two minor daughters, age seven and eight years.
The judgment awarded Mrs. White the sum of $350.00 per month as child support. In the record is a financial statement, made in July, 1977, showing that Mr. Ouber and his present wife had a net monthly income of $900.00, and expenses; including the $150.00 per month in child support currently being paid by Mr. Ouber to Mrs. White, of $1247.34, showing a deficiency of $347.34 each month. No effort was made to discredit Mr. Ouber’s testimony as to his current living expenses or to show them to be unreasonable.
At the trial, which took place on September 22, 1977, Mr. Ouber testified that in July, he had been on a salary basis in his employment as an automobile salesman, but that in August, he had been put on full commission basis. He estimated that he was averaging about $1400.00 per month gross income. There is no testimony as to income tax or social security withheld. If no taxes or social security are withheld from Mr. Ouber’s income, he and his wife together would be making $1550.00, which, after deducting his living expenses, would leave approximately $303.00 available for child support, in addition to the $150.00 already being paid. Under those circumstances, an award of $350.00 per month would not be excessive.
We note, however, that the financial statement filed by Mr. and Mrs. White shows that out of a total gross monthly income of $1487.04, $310.12 in taxes and social security is withheld. If the same deduction is applied to the somewhat greater income enjoyed by Mr. Ouber and his present wife, only $1240.00 would be left for all living expenses, including the $150.00 child support being paid.
The statement of the income and living expenses of Mrs. White and her husband, Barry J. White, also shows a net monthly income of $1176.92, not including the $150.00 per month child support which was being paid by Mr. Ouber. Expenses for the family total $1234.00, leaving a monthly deficit of $57.00 before receipt of any child support.
In the recent case of Parent v. Parent, 327 So.2d 576 (La.App. 1st Cir. 1976), we said:
“It is now the law of this state that the court must consider all of the circumstances surrounding the parties in making determinations of this kind. This includes considering income from all sources, including that of second husbands and wives, child support payments coming in, and special needs of the parties, including the expenses of subsequent marriages. Marcus v. Burnett, 282 So.2d 122 (La.1973).”
Considering all of the above circumstances and the applicable law, we are of the opinion that the award of $350.00 per month child support is so excessive as to constitute a breach of the discretion afforded the trial judge in cases of this nature. We think that the highest award which can be justified under the circumstances is $250.00 per month, and the judgment will be modified accordingly.
Mr. Ouber also asks for certain changes in the visitation rights granted him, but advances no reasons to support his request. We find no abuse of discretion, after a full examination of the record.
The judgment appealed from is therefore amended so as to reduce the amount of child support to $250.00, payable in semimonthly installments of $125.00 each on the 1st and 15th days of each month, and as amended, it is affirmed. The parties hereto *690 shall share all costs, both in this court and the court below.
AMENDED AND AFFIRMED.