305 So.2d 654 (1974)
Suzann White FINLEY
v.
Terry Glenn FINLEY.
No. 9954.
Court of Appeal of Louisiana, First Circuit.
October 14, 1974.
Rehearing Denied December 16, 1974.
*655 Charles L. Miller, Baton Rouge, for appellant.
Walter G. Monsour, Jr., Baton Rouge, for appellee.
Before LANDRY, BLANCHE and NEHRBASS, JJ.
NEHRBASS, Judge.
Plaintiff and defendant were divorced on January 13, 1973. The plaintiff mother was awarded custody of the two minor children of the marriage and the defendant father was ordered to pay to plaintiff the sum of $50.00 a month alimony for her support plus $100.00 a month for the support of the two minor children. The present action was commenced by rule directing defendant, Terry Glenn Finley, to *656 show cause, among other things, why child support and alimony payable to plaintiff should not be increased.
Judgment was entered in favor of plaintiff in rule increasing child support payments from $100.00 a month to $140.00 per month, maintaining alimony payments at $50.00 per month, making arrearages for child support in the sum of $101.00 executory, and fixing visitation privileges of the defendant. Defendant appellant has appealed that portion of the judgment awarding an increase in child support payments.
At the time of the divorce on January 13, 1973, defendant appellant had a net income of $606.00 per month. At present appellant earns $850.00 per month and after deductions from his salary nets $615.00 per month. Appellant has remarried and it was stipulated by and between counsel that defendant and the present Mrs. Finley are living under a separate property regime pursuant to an antenuptial agreement. This agreement was not introduced into evidence and its terms are not known. Over objection of his counsel, defendant testified on examination by the Court, that his second wife was earning approximately $700.00 per month.
As is usual in these cases, the defendant has itemized expenses far exceeding his net income. He estimates his monthly expenses to be $854.00 per month, and he further testifies that these expenses are his alone and that he can only meet these expenses by borrowing from his second wife. The Court below apparently considered some of the itemized expenses to be expenses incidental to the second marriage and in its oral reasons for judgment took into account the earnings of the second wife, stating that she could be legally obligated to contribute to the support of the common household. This reasoning forms one of the bases for appeal.
At the time the divorce was granted the plaintiff was a college student and was employed part time at a gross salary of approximately $200.00 per month. She is presently employed full time at a gross salary of $462.00 payable every four weeks and nets $384.00 during the same period. Consequently, considering present alimony and child support, she has a total net of approximately $534.00 per month to meet her needs and the needs of her children.
Plaintiff testifies that she utilizes all available proceeds every month and that she requires $700.00 per month during school term to meet her needs and the needs of her children and that the sum required would be greater during summer months due to increased child care expenses. Plaintiff testifies that she requires an increase in alimony or child support to cover child care expenses, anticipated dental needs for herself, and to cover the purchase price and operating expenses of a used automobile she needs and plans to purchase to replace her present nonfunctioning automobile.
Appellant maintains that the trial court was in error in finding such a change in circumstances as to justify an increase in child support and further, that the court erred in considering the income of the second wife in awarding an increase in child support in view of the fact that they are living under a separate property regime.
An award of alimony for the support of minor children is not permanent and the Court may modify an award for such support where there is demonstrated a change in the needs of the children, or in the ability of the father to pay. Bell v. Bell, 269 So.2d 270 (La.App. 3rd Cir. 1972); Kahn v. Kahn, 236 So.2d 654 (La. App. 2nd Cir. 1970); Cenac v. Power, 211 So.2d 408 (La.App. 1st Cir. 1968). This is a jurisprudential rule based upon L.S.A., C. C. Art. 231. In these matters that trial courts are vested with considerable discretion and their judgment will not be disturbed absent an abuse of this discretion. Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (1953); Mire v. Mire, 251 So.2d 797 (La.App. 1st Cir. 1971).
*657 Each case of this nature must be determined in the light of its own peculiar circumstances. We cannot say that the trial court abused its discretion in finding an increase in the needs of the children in view of the uncontradicted testimony of the plaintiff as to present needs and the substantial amount of child care expenses presently required. It was not an abuse of discretion to consider the need for transportation though that expense had not yet been incurred. Appellant makes much over testimony concerning anticipated dental expenses for the plaintiff; however, the trial court judge stated that he would not consider these expenses and it is not apparent from his oral reasons for judgment that they were considered.
We come now to the question of whether the trial court erred in considering the earnings of the second wife who is living with defendant under a separate property regime. Alimony or child support is to be granted considering the needs of the person to whom it is due and the totality of the pertinent circumstances surrounding those who are obligated to pay it. Marcus v. Burnett, 282 So.2d 122 (La.S. Ct.1973).
The earnings of the second wife living in community with the father have long been deemed an appropriate factor for consideration in support cases. In Fazzio v. Krieger, 226 La. 511, 76 So.2d 713 (1954), the court held that the additional income of the father's second wife is a circumstance which may be considered with regard to the amount of support due by the father to the children of his first marriage. The Court in Fazzio did not address itself to the question presented here, but merely construed La.C.C. Art. 2403 and held that the provisions of this article do not prevent the payment of alimony for the support of the children of a former marriage from the community funds of a second marriage. By the same token, Lytell v. Lytell, 144 So.2d 925 (La.App. 4th Cir. 1962) and Morace v. Morace, 220 So.2d 775 (La.App. 1st Cir. 1969), cited by appellant, are not decisive of the issue, for they deal with funds falling within the community.
In considering the totality of the pertinent circumstances involved, we feel that it is indeed proper to consider the separate earnings of the second wife when those earnings are available for payment of expenses incident to the second marriage. Marcus v. Burnett, supra 282 So.2d at 124, N. 3. A wife who has separate income or is separate in property may be obligated to share the expenses of the marriage, thus her income is available for payment of expenses incident to the marriage. L.S.A., C.C. Art. 2389, 2395, 2435. Though under Civil Code Art. 2395 the married persons may stipulate in their marriage contract the manner in which expenses are to be shared, such a stipulation should not circumvent our policies governing the payment of child support, especially when, as in this case, it is found that the second wife is actually contributing to the expenses of the second marriage. Consequently, there is no need for us to review the provisions of the marriage contract between defendant and the present Mrs. Finley.
We must pass on one other question. In this court plaintiff has filed a brief in which she prays that the judgment be amended increasing child support payments an additional $25.00 per month. But the plaintiff has neither appealed from the trial court judgment nor answered the appeal taken by Mr. Finley. Consequently, we cannot consider her request. Juan v. Harris, 263 So.2d 370 (La.App. 4th Cir. 1972); L.S.A.-C.C.P. Art. 2133.
All costs of this appeal are to be borne by appellant.
For the foregoing reasons, the judgment of the trial court is affirmed.

*658 ON APPLICATION FOR REHEARING
Before LANDRY, BLANCHE and NEHRBASS, JJ.
PER CURIAM.
In application for rehearing, Appellant, Terry Glenn Finley, complains that our original decree sanctions an award of alimony predicated in part upon the income of a second spouse living with her husband under a pre-nuptial agreement providing for a separate property regime between the spouses. More particularly, applicant contends we erred in considering "the income of the second Mrs. Finley, who is living under a separate property regime with Mr. Finley, for any purpose other than to pay the expenses incidental to the second marriage."
We agree that applicant has correctly stated the law governing the subject matter. We point out, however, that in reaching our decision, we did not consider the income of the second Mrs. Finley beyond her obligation to contribute to the second marriage.
LSA-C.C. art. 2395 states:
"Each of the married persons separate in property, contributes to the expenses of the marriage in the manner agreed on by their contract; if there be no agreement on the subject, the wife contributes to the amount of one-half of her income."
The above provision allows married persons to agree, as they will, concerning the extent to which each will contribute to the expenses of a marriage contracted pursuant to a pre-nuptial separate property arrangement. The wife, if it is so stipulated, may not be obligated to make any contribution whatsoever. See Planiol Volume 3, § 1432. However, should the agreement be silent on the matter of contribution, the wife is obligated to the extent of one-half of her income.
In this instance, the marriage contract was not entered of record. In its absence, we presume the contract was silent as to the amount to be contributed by the wife. On this premise, we find the wife is obligated to the extent of one-half of her income. This conclusion finds additional support in the concession of counsel for Appellant that the second Mrs. Finley is obligated to contribute to the marriage and does in fact do so.
Thus we find that the obligation of the present Mrs. Finley to contribute to the marriage expenses enhances the ability of Mr. Finley to provide for the support of his children. It is on this basis that we find the trial court properly granted the increase in alimony involved in this proceeding.
The application for rehearing is denied at applicant's cost.