ELLIS, Judge.
By this appeal, plaintiff Mrs. Doris E. Delacerda Parent, now Prescott, seeks an increase in the child support awarded her by the court below.
These parties were divorced in August, 1964. Mrs. Prescott has had custody of their two daughters, who are now 15 and 13 years of age, since that time. Prior to this contest, Mr. Parent had been paying $130.00 per month child support. Mrs. Prescott brought the rule on October 24, 1974, and it was heard on November 21, 1974, at which time the support was increased to $180.00 per month.
A new trial was granted, and a hearing was held thereon on April 3, 1975, at which time the court maintained the payments at $180.00 per month, and this appeal followed.
The record shows that Mrs. Prescott has remarried since her divorce from Mr. Parent, and has two children by her second marriage. 'At the time of the November 21 hearing, she was separated from Mr. Prescott, but was employed at a take home pay of $59.00 per week. At the time of the April 3, 1975, hearing, she was again living with Mr. Prescott who was employed at a weekly salary of $175.-00, apparently after deductions. However, she testified that because of difficulty with the older Parent child, she had been forced to quit her job to spend more time at home. She testified that she needed $386.50 monthly to maintain her two children by Mr. Parent.
Mr. Parent has also remarried. His second wife has two children by a former marriage, and has borne one child to Mr. Parent. At the time of the April hearing, she was four months pregnant, and in bad health. Mrs. Parent' receives $150.00 per month in child support for her two children by her former husband.
Mr. Parent has a monthly take home pay of $809.90. However, he received a net bonus of about $2,500.00 in 1974, and an income tax refund of about $750.00, which gives him a monthly net income of slightly less than $1,100.00. He itemized his monthly recurring expenses, exclusive of food and miscellaneous items, but including the $180.00 child support, at $844.70. Among miscellaneous items not included were laundry, entertainment, gasoline and personal items.
Taking into account Mr. Parent’s salary, bonus and tax refund, and Mrs. Parent’s child support, we find that Mr. Parent has about $400.00 per month available for food and other miscellaneous expenses mentioned above. He also testified to outstanding medical bills of $691.00 and a lawyer’s fee of $175.00.
In this court, Mrs. Prescott argues that the trial court erred in disregarding the voluntary nature of many of Mr. Parent’s obligations, including recent purchases of a new home and a new car, the payments on which are $210.79 and $99.42 respectively. It is argued that such acquisitions should not be used as an excuse for not being able to provide adequately for his children. It is not shown that either of these items are extravagant or unnecessary.
It is further argued that the trial court failed to consider the father’s increased circumstances or the needs of his two daughters in fixing the award.
It is now the law of this state that the court must consider all of the circumstances surrounding the parties in making determinations of this kind. This includes considering income from all sources, including that of second husbands and wives, child support payments coming in, and special needs of the parties, including the expenses of subsequent marriages. Marcus v. Burnett, 282 So.2d 122 (La.1973).
*578 The trial judge took these factors into consideration, and increased the child support payments of Mr. Parent from $130.00 to $180.00 per month. After reviewing the record, we find no manifest error in his conclusion.
The judgment appealed from is therefore affirmed, at plaintiff’s cost.
Affirmed.