BOLIN, Judge.
Albert Aura obtained a divorce; the wife was granted custody of their two minor children and he was ordered to pay child support. The father remained single but the mother remarried. By separate actions the father sought to decrease the support award and the mother sought to increase it. The trial judge, for reasons made a part of the record, found the needs of the children had increased, which expenses were “being absorbed by the situation now existing” [obviously referring to the mother being married to a capable provider]. From judgment rejecting the demands of both mother and father, each appeals. We affirm.
The question on appeal is whether the record supports the trial court’s refusal to modify the previous child support award and particularly whether the wife’s remarriage to a capable provider is relevant to this question.
When appellants were divorced in October 1974 it was stipulated the father had net income after taxes of $19,500 and would pay $400 a month for the support of the children plus 80% of their medical expenses. At the time of the present suit the father’s income had not changed. The mother remarried in July 1975. Her present husband, who has custody of and supports two minor children of his previous marriage, has a net income after taxes of $33,800.
*1201 The father contends the award should be reduced primarily because the mother is now married to a capable provider and is able to contribute more to the support of the children.
The mother contends the award should be increased because the needs of the children have increased and the earnings of her present husband should not be considered in determining her ability to support children of her former marriage.
Marcus v. Burnett, 282 So.2d 122 (La.1973), has been cited by both appellants. In Marcus the father and mother had both remarried and there were stepchildren in each home. The court, in holding it was the obligation of the father and the mother to support their children, stated:
“. . . While [the second husband] has no legal obligation to support the children in question, this court simply will not blind itself to the reality that the mother, who does have a legal obligation to support her children, has married a capable provider who has enhanced her opportunity to furnish a portion of the support of the children in her custody. “The analysis which we have made here regarding [the mother’s] ability to support her children is consistent with the principle which we have expressed earlier in this opinion and which we feel should govern when a court is determining the amount of child support to be awarded. That is, the court should consider the totality of the circumstances involved. (Emphasis supplied) Id. at 125
We find the father’s income has not changed but the needs of the children have increased. A portion of this increase is attributable to the fact the mother has remarried and her present husband’s income exceeds that of the children’s father by more than $14,000 a year. This has resulted in the children having a higher standard of living and increased expenses. Although the second husband owes no legal obligation to furnish any portion of these increased needs, the mother’s obligation remains and her present husband’s income is part of the totality of the circumstances referred to in Marcus. The mother and father both are obligated to furnish the increased needs of their children. Considering all the circumstances, we find the trial court was correct in rejecting the demands of appellants to alter the original child support award.
The judgment is affirmed and each appellant is cast for one-half of the costs.