359 So.2d 1133 (1978)
George P. BARNES, Jr.
v.
Sandra ROSEN.
No. 9199.
Court of Appeal of Louisiana, Fourth Circuit.
June 13, 1978.
Rehearing Denied June 30, 1978.
*1134 A. D. Freeman of Satterlee, Mestayer & Freeman, New Orleans, counsel for George P. Barnes, Jr., plaintiff-appellant.
Frank J. D'Amico, New Orleans, counsel for Sandra Rosen, defendant-appellee.
Before LEMMON, GULOTTA and BOUTALL, JJ.
BOUTALL, Judge.
A father having custody of two minor children sues his former wife to furnish child support. Judgment was rendered dismissing his suit and he appeals.
George P. Barnes, Jr. and Sandra Reed were married and divorced. Barnes obtained custody of two of the minor children, a boy 17½ years old and a boy 15 years old. Sandra Reed married Charles Rosen, II, and plaintiff seeks to have her contribute towards the child support, contending that the income and financial condition of Mr. Rosen be considered in the totality of circumstances on which child support is fixed. See Marcus v. Burnett, 282 So.2d 122 (La. 1973).
Unquestionably, the obligation to support one's children is imposed upon mothers by the very words of Louisiana Civil Code Article 227 which states:
"Art. 227. Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children."
In considering the amount of support necessary, the evidence reflects that the father's claims are somewhat inflated, and there is an erroneous allotment of certain portions of living quarters and automobile expenses to the children. However, the main issue in this case is that the children are attending a private school with rather expensive tuition. Education of a minor is one of the elements of child support. L.C.C. Article 230. The real issue here arises under the provisions of L.C.C. Article 231, that alimony shall be granted in proportion *1135 to the wants of the person requiring it, and the circumstances of those who are to pay it.
The trial judge found that the income of the mother was minimal, not totaling a few hundred dollars over the past year. She had worked as a free-lance model and clothing exhibitor and she testified that this field of endeavor had suffered greatly because of economic circumstances in the field, and she could only obtain a job now and then. It is obvious that from her earnings alone, no child support could be paid. However, her remarriage to Mr. Rosen brings into issue the question of whether his income, in excess of $70,000 per year, can be considered in awarding child support to the Barnes' children.
The rule is that the income of the second husband may be considered in the totality of circumstances necessitating child support. Marcus v. Burnett, supra; LeBouef v. LeBouef, 325 So.2d 290 (La.App. 4th Cir. 1975); Parent v. Parent, 327 So.2d 576 (La.App. 1st Cir. 1976). However in this case, Mrs. Rosen married Mr. Rosen under a marital contract in which the community property system of Louisiana was renounced and the property and income of the parties declared to belong to each separately. There is no showing that this contract was made fraudulently or was designed solely for the purpose of depriving the Barnes' children of support. As a matter of fact, the record shows that during the less than one year existence of the marriage, that contributions in excess of $2,000 were made voluntarily to the support of the children and that they frequently stayed at the Rosen household. The trial court found that under these circumstances, he could not go beyond the marriage contract, and could not consider Mr. Rosen's income as forming part of the means of the mother, on which he could levy the obligation of support. We agree with his findings.
The judgment is affirmed.
AFFIRMED.
GULOTTA, J., concurred in result and filed opinion.
LEMMON, J., dissented and filed opinion.
LEMMON, Judge dissenting.
The trial court should have ordered the mother to contribute some amount of support.[1]
Both the father and the mother have the obligation to support their children according to their circumstances. C.C. art. 227, 231. And like the father, the mother who is capable of gainful employment and whose health and family status permit her to work, cannot defeat her support obligation by declining to work. See Zaccaria v. Beoubay, 213 La. 782, 35 So.2d 659 (La.1948).
In the present case the mother's support obligation may properly have been suspended or reduced during the term of illness or of recuperation following surgery, but the obligation exists nonetheless and should have been recognized.
Furthermore, the trial court erred in refusing to consider the income of the mother's present husband in considering the totality of the pertinent circumstances surrounding the mother's support obligation.
Normally, the income of a second husband is to be considered in determining the mother's support obligation. Marcus v. Burnett, 282 So.2d 122 (La.1973). The fact that the mother and the second husband had a pre-nuptial agreement should not affect this general rule.
Whether or not there is a community of acquets and gains, the husband owes his wife the duty of support. C.C. art. 119. No pre-nuptial agreement can defeat this obligation. And the fact that the wife is entitled to and is receiving support is patently a pertinent consideration bearing on *1136 the determination of the wife's circumstances surrounding her support obligation toward her children.
GULOTTA, Judge, concurring.
I concur.
Our Code places the duty of support of minor children on the father and mother. LSA-C.C. art. 227. Absent an infirmity or valid reason to be unemployed, a parent cannot avoid the responsibility of support merely because he or she is not gainfully employed. See Gravel v. Gravel, 331 So.2d 580 (La.App. 3d Cir. 1976); Ducote v. Ducote, 331 So.2d 133 (La.App. 3d Cir. 1976), affirmed, 339 So.2d 835 (La.1976).
The mother in this case had worked as a model. She enjoys the benefit of a maid-cook and apparently her household duties are minimal. Nevertheless, her uncontradicted testimony is that she is in poor health and will "have to have surgery in a few weeks". I consider this undisputed statement of the wife's health a sufficient impediment to her gainful employment. Presumably, future assessment of her health could determine whether or not valid reason continues to exist for unemployment. Accordingly, I concur with the result.
NOTES
[1] The record reveals that the mother's present husband voluntarily contributes considerable amounts to her four children, two of whom were majors at time of trial and the third just under the age of majority. Nevertheless, a support obligation, upon being judicially demanded, must be fixed by the court if entitlement is proved, even if support contributions are being voluntarily made directly to the children.