SAMUEL, Judge.
This rule to decrease payments for the support of two children was brought by the father against his former wife. The wife then brought a rule to increase.
The original award of $65 per week was set in 1973 when the children were 15 and 10 years old, respectively. The father continued to pay this sum until the older child graduated from college at age 21. The mother concedes the father is no longer required to support that child. Her rule is based upon the fact that the needs of her daughter, now age 16, have increased, as has the father’s ability to pay.
Following trial the rule to increase was dismissed, and judgment was rendered in *79 favor of the father reducing the award to $55 per week. The mother has appealed.
The obligation to support one’s children is imposed by Civil Code Article 227 which provides:
“Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children.” LSA-C.C. Art. 227.
The support due is further explained by Civil Code Articles 230 and 231, as follows:
“By alimony we understand what is necessary for the nourishment, lodging and support of the person who claims it.
It includes the education, when the person to whom the alimony is due, is a minor.” LSA-C.C. Art. 230.
“Alimony shall be granted in proportion to the wants of the person requiring it, and the circumstances of those who are to pay it.” LSA-C.C. Art. 231.
At the present time the mother earns $500 per month or $6,000 per year and has interest income of $1,200 per year, a home with no mortgage, a paid for automobile, and $8,000 in savings. She finds it necessary to withdraw money from savings to pay her automobile insurance when it becomes due.
She itemized her joint expenses as $1,000.74 per month and that attributable to the child as $476 per month. With her net salary of $414.60, plus $281 child support plus $100 interest ($1,200 per year), she has approximately $795.60 to meet her monthly expenses.
On the other hand, the husband earns $23,700 per year, his present wife earns $12,500 per year, and they have interest income of $2,281 per year. He saves $75 every two weeks in the credit union. Thus, the total income of his second community from all sources is $38,481 per year.
It is the father’s position that the needs of the child do not exceed $110 per month, of which he is obligated to pay one-half, and the mother has a reciprocal obligation to pay the other one-half, so that the $55 award actually is more than he should be required to pay.
While the mother admits she has an obligation along with the father to support her minor daughter, she urges that she cannot contribute equally because of the disparity of their respective incomes.[1] The jurisprudence supports that position. As stated in Fellows v. Fellows, La.App., 267 So.2d 572:
“... we will establish a parity of obligations between the husband and the wife reasonably in accord with their respective financial abilities.”[2] (Emphasis ours).
This court has previously held that the income of a second wife is to be considered in determining the husband’s obligation, to support children of his first marriage.[3]
Appellant itemized the monthly expenses of the child as follows:
Food and Groceries . $162.50
Electricity and Gas. 37.50
Water. 3.00
Telephone. 6.50
Medical (Doctor) . 5.00
(Dentist). 5.00
Insurance (Automobile). 15.00
(House). 15.00
(Flood). 1.00
Home Maintenance . 25.00
Auto Maintenance .••. 12.50
Automobile Operation, Gas . 30.00
Haircuts. 3.00
School Expenses (Lunches). 13.00
(Books and Supplies). 5.00
Clothing (New). 40.00
Personal Items (Cosmetics) . 5.00
Recreation (Skating, etc.) . 28.00
Allowance. 30.00
Gifts and others. 5.00
Miscellaneous. 5.00
Vacation (Every two years). 25.00
Total . $476.00
*80 We are impressed with the reasonableness of this itemization, particularly in view of the fact that the daughter is a 16 year old teenager whose expenses normally would increase substantially from her needs as a 10 year old, when the support was originally set in 1973.
Considering the needs of the child, the totality of the circumstances of the parties, their respective abilities to contribute to the support of the child, and the mutuality of the obligation to support, we feel the judgment directing the father to pay $55 per week is inadequate.
The mother’s income is substantially less than that of the father and we recognize that she is also contributing an important intangible, i.e., the full responsibility for the child on a daily basis while the father has the child for only one weekend per month. The mother is also providing shelter for the child, for which she asks only minimal recompense for home maintenance and insurance.
We are of the opinion that the award should be increased from the sum of $55 per week to the sum of $80 per week.
For the reasons assigned, the judgment appealed from is affirmed in part, amended in part, and reversed in part. Accordingly, it now ordered that the defendant in rule, Melvin Bertney Coulon, be condemned to pay to plaintiff in rule, Patsy Berry Coulon, Eighty ($80.00) dollars per week for the support and maintenance of the minor, Linda Kay Coulon. It is further ordered that the rule to decrease filed by Melvin Bertney Coulon be dismissed. In all other respects, the judgment is affirmed.

AFFIRMED IN PART; AMENDED IN PART; REVERSED IN PART.

. When the award was set in 1973 the mother earned $4,000 per year and the father earned $14,000.

. See also Marcus v. Burnett, La., 282 So.2d 122; LeBouef v. LeBouef, La.App., 325 So.2d 290.

. Marcus v. Burnett, supra, note 2; Fazzio v. Kreiger, 226 La. 511, 76 So.2d 713; Finley v. Finley, La.App., 305 So.2d 654; Vaughn v. Vaughn, La.App., 286 So.2d 416.