433 So.2d 400 (1983)
Jayne D. ALT
v.
Donald J. ALT.
No. CA-0528.
Court of Appeal of Louisiana, Fourth Circuit.
June 3, 1983.
*401 Philip R. Riegel, Jr., Parlongue & Riegel, New Orleans, for defendant-appellant.
Weldon A. Cousins, New Orleans, for plaintiff-appellee.
Before GULOTTA, SCHOTT and CIACCIO, JJ.
GULOTTA, Judge.
The question in this child support case is whether evidence of the income of a remarried parent's spouse is admissible to determine the amount of support where a prenuptial agreement provides for a separate property regime in the second marriage. We conclude this evidence is inadmissible.
In the hearing on rules for increase and decrease of support for two children, the trial judge sustained the remarried mother's objection to evidence of her present husband's income because of the prenuptial agreement. In a March 22, 1982 judgment, the judge increased the support from $400.00 per month to $475.00 per month for each child. The father's rule for a decrease was dismissed and an earlier alimony award in the sum of $600.00 per month was discontinued.
Appealing, the father contends the trial judge committed reversible error in refusing to consider the second husband's income and earnings in determining support, notwithstanding the marriage contract. He points out that the prenuptial agreement is silent concerning the spouse's contribution to the expenses of the marriage[1] and, therefore, under LSA-C.C. Art. 2373, each spouse contributes in proportion to his means.[2] According to the father, although the second husband has no obligation *402 to support the children from the prior marriage, he is obligated to support his wife who is unemployed. He then argues that the second husband's discharge of this obligation to support his wife renders her more capable of providing for her children, and makes the second husband's financial status relevant in determining the amount of child support owed by the father. We disagree.
In Marcus v. Burnett, 282 So.2d 122 (La. 1973), the Supreme Court, citing Fazzio v. Krieger, 226 La. 511, 76 So.2d 713 (1954), stated that the income of a parent's second spouse, as well as the expenses of the second marriage, must be considered in determining the amount of child support. The court noted that the parents have an obligation to support their children and, under LSA-C.C. Art. 231, such support is to be granted "in proportion to the wants of the person requiring it, and the circumstances of those who are to pay it." The Marcus opinion further stated that although the second spouse has no legal obligation to support the children of the first marriage, nonetheless, where that spouse is a capable provider and enhances the parent's opportunity to furnish a portion of the support for the children, the income and expenses of the second marriage are material in determining the "totality of the pertinent circumstances."
Significantly, in Marcus, the earnings and income of the second spouse were community assets in which the remarried parent had a community interest, and there was no prenuptial agreement providing for a separate property regime. In that circumstance, understandably, the income of the second spouse was relevant in ascertaining the remarried parent's ability to contribute to the support of his or her child because of the parent's clear entitlement to share in community assets and income.
Unlike Marcus, however, in the instant case, the premarital agreement specifically renounces the community property regime, and the remarried mother derives no income, revenue, interest or assets from the earnings and income of her second spouse. Accordingly, because the second spouse's income does not enure to the benefit of the parent insofar as her ability to contribute to the support of the children, it reasonably follows that any evidence of the second spouse's income is irrelevant.
Evidence in our case that the second husband has contributed to the expenses to the family home in which the children reside does not affect our holding. We cannot conclude that his assumption of expenses of the second marriage enhances the mother's ability to pay for the food, clothing, education and medical expenses of her children, where, under the premarital agreement, she is not the recipient of any community income.
In Barnes v. Rosen, 359 So.2d 1133 (La. App. 4th Cir.1978), writ denied 362 So.2d 1120 (La.1978), we affirmed a trial court's refusal to "go beyond" a marriage contract and consider the second husband's income as part of the means of the mother in determining support. In Barnes, we recognized the rule of Marcus that the income of a second spouse may be considered in the totality of the circumstances necessitating child support, but, by implication, distinguished the Marcus decision by pointing out that the remarried spouses in Barnes had a marital contract renouncing the community property system and declaring the property income of the parties to belong to each separately.
Although we recognize that our brothers on the First Circuit in Finley v. Finley, 305 So.2d 654 (La.App. 1st Cir.1974) have reached a different result under a premarital agreement, nonetheless, we subscribe to the rule reached by the majority in the Barnes case.
Furthermore, we do not construe a writ disposition by this court in Jumonville v. Jumonville, No. 16368 of the docket of this court on September 30, 1981, to be contradictory to Barnes. The panel in Jumonville was more concerned with the propriety of considering revisions in a marital contract during litigation rather than the central issue of the admissibility of a second spouse's income despite the agreement. In Jumonville, the writ panel did not reach a *403 clear decision on the substantive issue, but merely expressed an opinion that the trial judge's ruling, if erroneous, could be corrected on appeal.
Turning now to the father's contention that there was no change of circumstances to warrant the increase, we find no error. The mother of two minor girls, ages 14 and 12, stated that their educational expenses had increased since the earlier judgment fixing support at $400.00 per month per child. Further, she claimed that medical expenses for the diabetic daughter created an additional economic burden.
Despite the father's reduction in income in 1982 as compared to 1981, the record reflects his ability to earn substantial income. From July 1, 1981 to August, 1981 he had earned $76,000.00 with a former employer, and $40,000.00 for the remainder of that year. His gross annual income for 1982 would approximate $40,000.00, resulting in a net monthly income, after taxes of $2,425.00. Under these circumstances, we cannot say the $150.00 per month increase for the support of the two children constitutes an abuse of the trial court's discretion. We are mindful also that the father has been relieved of the $600.00 per month responsibility for the wife's alimony.
Having concluded that the trial judge properly refused to admit evidence of the second husband's income because of the premarital agreement, and having found no abuse of the trial court's discretion, we affirm the judgment.
AFFIRMED.
NOTES
[1] The prenuptial agreement in our case renounces the community system and provides for a separate property regime whereby each spouse individually administers his or her respective property and has the respective free enjoyment of his or her own "revenue".
[2] LSA-C.C. Art. 2373, concerning separate property regimes, provides: "Each spouse contributes to the expenses of the marriage as provided in the matrimonial agreement. In the absence of such a provision, each spouse contributes in proportion to his means."