538 So.2d 306 (1989)
Robert N. FLEISHMANN
v.
Dale Rosenzweig FLEISHMANN.
No. 88-CA-586.
Court of Appeal of Louisiana, Fifth Circuit.
January 18, 1989.
On Rehearing February 17, 1989.
*307 Reed & Reed, Floyd J. Reed, New Orleans, for appellant.
Hall, Lentini, Mouledoux & Wimberly, S. Guy deLaup, Metairie, for appellee.
Before CHEHARDY, KLIEBERT and DUFRESNE, JJ.
CHEHARDY, Chief Judge.
In this appeal a mother with custody of her minor daughter seeks an increase in child support, contending the $250 increase awarded by the trial court is inadequate. We set aside the judgment and remand the case for further evidence, for the reasons that follow.
On July 1, 1986, Robert N. Fleishmann and Dale Rosenzweig Fleishmann were divorced after 21 years of marriage. At the time of the divorce, two of their three children were still minors, Jeffrey and Jennifer. By consent of the parties, Mrs. Fleishmann was awarded custody in the divorce judgment and Mr. Fleishmann was ordered to pay child support in the amount of $500 per month for each child, to provide medical insurance for them, to pay one-half of any medical and dental expenses not covered by insurance, less deductibles, and to name the three children as beneficiaries on any life insurance policies he maintains. Mrs. Fleishmann was awarded the use and occupancy of the family home pending partition of the community and each party was ordered to pay one-half of the monthly mortgage note.
In December 1986, Jeffrey Fleishmann became a major, freeing Mr. Fleishmann of the obligation to support him. On May 19, 1987, Mrs. Fleishmann filed a rule for contempt, for child support arrearages and attorney's fees, and for an increase in child support.
With respect to the increase in child support, Mrs. Fleishmann alleged that due to Jeffrey's arrival at the age of majority Mr. Fleishmann's obligation to support him was to cease; that due to partition of the community property Mr. Fleishmann would no longer be liable for half the mortgage payments and she and the children would lose the use and occupancy of the family home; and that her expenses had increased and her income had diminished since the time of the original child support award.
The rule was tried before a domestic relations hearing officer of the Twenty-fourth Judicial District Court. On June 30, 1987, the hearing officer recommended that Mrs. Fleishmann be awarded an increase to $750 per month child support for Jennifer, retroactive to May 22, 1987, and that the other support provisions of the original judgment remain in effect. Dissatisfied with the recommendation, both parties sought a trial de novo before a district judge.
Following several continuances due to a congested docket, the rule was heard by the court in December 1987. Judgment was rendered on February 11, 1988, awarding the amount recommended by the hearing officer. Instead of making the increase *308 retroactive as the hearing officer had done, the judge made it effective the date the rule was heard, December 17, 1987.
In his reasons for judgment, the trial judge stated, among other things, "In this case the record reflects that Mrs. Fleishman claims she needs $1,633.95 in child support. If that is so, then the court must ask for some monetary contribution by Mrs. Fleishman, who appears to be financially able to afford expensive autos and jewelry."
Mrs. Fleishmann has appealed. She asserts the trial court erred in failing to consider evidence of Mr. Fleishmann's second wife's contributions to his second marriage, in increasing the child support amount to only $750 per month, in failing to make the increase retroactive to the date her rule was filed, and in stating that she appeared to be financially able to afford expensive autos and jewelry.
The contempt, arrearages, and attorney's fees issues are not part of this appeal.[1]
The crucial issue for our purposes is whether the trial judge erred in refusing to allow evidence of Mr. Fleishmann's second wife's contributions to the marriage. The evidence establishes that Mr. Fleishmann remarried in September 1987, at which time he entered into a prenuptial agreement with his second wife, Mrs. Ellen Fleishmann, renouncing the community property regime. The agreement contained no provision for dealing with the expenses of the marriage.
In the absence of a provision in the matrimonial agreement for contribution to the expenses of the marriage, it is assumed each partner contributes in proportion to his means. LSA-C.C. art. 2373.
Mrs. Fleishmann subpoenaed the second wife's financial records, planning to introduce evidence of her income and assets. The trial judge refused to consider evidence regarding the income and contributions of the second wife, stating they were bound by the marriage contract. He allowed Mrs. Fleishmann to submit a proffer in the form of a statement setting forth the nature of the evidence. LSA-C.C.P. art. 1636.
The information thus obtained was as follows: Mrs. Ellen Fleishmann is a nursery school teacher, earning a gross income of $1,405 per month and a net income of $1,270.10. She receives $500 per month child support for the two children of her prior marriage. She is the owner of a double house, half of which is used as the matrimonial residence and the other half of which is rented out at $500 per month. She contributes an additional $164.90 to the rental income to make the mortgage payment. There was no information stated regarding the extent to which she contributes to the expenses of their marriage.
To support her argument that the trial court should have allowed her to introduce this evidence, Mrs. Fleishmann refers us to Lewis v. Lewis, 510 So.2d 707 (La.App. 1 Cir.1987), in which the First Circuit lumped the new wife's income together with the husband's despite the couple's separate property regime. Denying the husband's rule for a decrease in child support, the court stated it was justified in considering the new wife's income because she had the joint obligation to contribute to the couple's support and living expenses.
Mr. Fleishmann, on the other hand, cites Alt v. Alt, 433 So.2d 400 (La.App. 4 Cir. 1983), in which the Fourth Circuit held that, where the remarried wife and her second husband had renounced the community property regime and she derived no income, revenue, interest or assets from his earnings and income, any evidence of his income was irrelevant to determine child support *309 to be paid by her first husband. The court stated this was true notwithstanding evidence that the second husband contributed to the expenses of the family home in which the children resided.
We conclude the best course lies between these two extremes. It is inconsistent with the concept of separate property regimes to lump the second spouse's income together with the obligor spouse's where they are separate in property. At the same time, it is appropriate to consider evidence that the second spouse contributes to the expenses of the second marriage, where such evidence is presented. Where that evidence is not available, under the language of C.C. art. 2373 we must presume that the second spouse contributes in proportion to his or her income.
Because the trial judge refused to allow the appellant to make the evidence itself part of the proffer, we cannot determine its effect on the amount of the child support award. Accordingly, we must remand the case to allow Mrs. Fleishmann to introduce evidence relative to the second wife's contributions to the expenses of the second marriage. See Martin v. Esponge, 388 So.2d 128 (La.App. 1 Cir.1980), writ denies 393 So.2d 743 (La.1980); McCauley v. Manda Brothers Provisions Co., 202 So.2d 492 (La.App. 1 Cir.1967), affirmed 211 So.2d 637 (La.1968).
Because our ruling on this issue will require setting aside the judgment and remanding the case, it is unnecessary to address the remaining issues on appeal.
For the foregoing reasons, the judgment on appeal is vacated and the case is remanded to the district court for the limited purpose of receiving the evidence improperly excluded by the trial court and for decision thereafter consistent with the views expressed herein. The costs of this appeal are assessed equally between the parties.
JUDGMENT SET ASIDE; CASE REMANDED WITH INSTRUCTIONS.

ON REHEARING GRANTED
PER CURIAM.
On our own motion we have granted a rehearing to correct an inadvertent misstatement in our original opinion. Following release of the opinion, the attorney for Robert Fleishmann notified us we had erred in stating that Mr. Fleishmann failed to file a timely answer to the appeal.
Although his answer to the appeal does not appear in the record transmitted to us by the district court, Mr. Fleishmann provided us with a conformed copy of his answer to the appeal, establishing to our satisfaction that it was filed in the district court on March 21, 1988.
In his answer to the appeal, Mr. Fleishmann averred that the trial court was correct in the following respects: in refusing to consider evidence of a second spouse's income, in making the child support increase retroactive to the date of the trial of the rule to increase, and in not assessing all costs of the rule against Mr. Fleishmann. He averred the trial court abused its discretion, however, in increasing the child support.
In view of our decision, in which we set aside the judgment and remanded the matter to receive evidence improperly excluded by the trial court, the issue raised by the answer to the appeal is moot.
Accordingly, our original decree is reinstated.
DECREE REINSTATED.
NOTES
[1] Mr. Fleishmann states in his appellate brief that he has answered the appeal and asserts the trial court erred in increasing the child support award. A search of the district court record and of this court's docket book, however, reveals no such answer to the appeal.

Under LSA-C.C.P. art. 2133, an appellee who desires to have a judgment modified, revised or reversed in part must file an answer to the appeal not later than 15 days after the return date or the lodging of the record, whichever is later. In this case, the district judge failed to set a return date; however, the record was lodged on September 2, 1988. Accordingly, the deadline within which Mr. Fleishmann had to answer the appeal was September 17, 1988. Because his brief was not filed until October 27, 1988, we cannot consider that as satisfying the requirement.