552 So.2d 516 (1989)
Pamela Kay Edmonson LUSTIG, Plaintiff-Appellee,
v.
Donald E. LUSTIG, Defendant-Appellant.
No. 20857-CA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 1989.
*517 W. Charles Brown, Bossier City, for defendant-appellant.
Robert P. Waddell, Shreveport, for plaintiff-appellee.
Before MARVIN, LINDSAY and HIGHTOWER, JJ.
MARVIN, Judge.
From a judgment in this post-divorce action reducing the father's monthly child support from $400 to $300, the father appeals, seeking a further reduction to $100 per month.
In two assignments, the father complains that the trial court failed to consider that the mother's income was greater than his and erroneously considered the separate income of his second wife.
We affirm.

CHANGE OF CIRCUMSTANCES
The son of the marriage was born in 1980. The father was ordered to pay $500 monthly child support in judgments in 1982 and 1983. This amount was reduced in the divorce judgment in February 1984 to $400 per month. The father then was earning $31,500 per year. A few months after he lost his job in 1985 he married his second wife in May of that year.
In early 1986 he obtained employment as a deputy sheriff, earning, in 1987-88, about $15,275 per year. He and his second wife, who earns about $30,000 a year, have a 20-month-old daughter. The net monthly income of his former wife is shown to be $1,250.
In July 1988, and shortly before this action was instituted later that month, the father and his second wife entered into a matrimonial agreement, under which they became separate in property and he obligated himself to pay from his net monthly income of $1,030, the monthly notes on the house and automobile totalling $891.
The father contends the trial court "erroneously" considered the "separate" income of his second wife and failed to weigh and compare the mother's monthly income and child support ($1,250 + $400) against his income. In this respect, however, the record is silent and we cannot assume that the trial court made such considerations which the father argues are legally erroneous. The trial court, in reasons for judgment, said only that
Based on evidence introduced and testimony heard at trial, ... there has been a reduction in [the father's] income since the time of the original fixing.
The issue, in our opinion, is whether the trial court abused its discretion in reducing the monthly child support 25 percent ($400 to $300) in 1988 when the father's income was reduced approximately 50 percent in 1985-86 ($31,500 to $15,275).
The father does not argue that the needs of his son have decreased. Under these circumstances, we decline to pronounce a principle that the reduction of child support should be directly proportionate to the fortuitous reduction of the income of the parent who is obligated to pay child support.
By introducing the contract with his second wife, under which he obligated himself to pay $891 monthly notes on the house and car which he and his second family apparently enjoy, the father impliedly suggests that he has less than $200 a month remaining for other expenses, including child support. He argues that the trial court must have considered [erroneously, he says] his second wife's separate income to reach a reduction of only $100 per month in child support. His argument does not persuade us because his obligation, unlike the earlier loss of his job, did not arise fortuitously, but was voluntarily undertaken.
The fact that a father-support obligor undertakes additional obligations, remarries, *518 and has other children, does not militate against his primary obligation to support his child. Any voluntary act by a parent which renders it difficult or impossible for him to perform his primary child support obligation cannot be countenanced as a ground, wholly or partially, for relief from the obligation. Marcus v. Burnett, 282 So.2d 122 (La.1973). It is only a fortuitous change in circumstances that serves to relieve a parent-support obligor of the support obligation. Moore v. Moore, 380 So.2d 180 (La.App.2d Cir.1980).
In determining child support, it is "indeed proper" for a trial court to consider the separate earnings of the second spouse of the support obligor which are being used for some of the expenses incident to the second family. See Finley v. Finley, 305 So.2d 654, 658 (La.App. 1st Cir.1974). Compare Alt v. Alt, 433 So.2d 400 (La.App. 4th Cir.1983), Barnes v. Rosen, 359 So.2d 1133 (La.App. 4th Cir.1978), and Fleishmann v. Fleishmann, 538 So.2d 306 (La.App. 5th Cir.1989).
This record allows the conclusion that the second wife contributes some indeterminate amount toward household expenses. The father included her expenses in his itemization of his monthly expenses that total $2,600. He testified that his second wife gives him money from time to time. His ability to pay child support is not affected by obligations he voluntarily incurs after the support obligation and is not determined solely by his monthly salary. See Osborne v. Osborne, 512 So.2d 645 (La. App.2d Cir.1987).
A trial court has considerable discretion in deciding to modify a child support award. We do not reverse a determination of the amount of support unless it is demonstrated that a trial court has abused its discretion or is clearly wrong. Osborne v. Osborne, supra.
The mother was questioned and her income, payroll deductions, and tax return were introduced into the record. We cannot assume that the trial court did not "properly" consider her circumstances as the father contends. The trial court asked questions of witnesses and commented at the end of the hearing that it would make "some computations" before it rendered its reasons for judgment.
We find no clear error or abuse of discretion by the trial court.

DECREE
At the father's cost, the judgment is AFFIRMED.