553 So.2d 1031 (1989)
Garner J. KNOEPFLER, Jr.
v.
Cinda Slagle KNOEPFLER.
No. 88-CA-2343.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1989.
J. Wayne Mumphrey, Jeff Perigoni, Gregory G. D'Angelo, Chalmette, for appellee.
D. Douglas Howard, Jr., Cindy M. Harris, New Orleans, for defendant/appellant.
Before SCHOTT, C.J., and BYRNES and WILLIAMS, JJ.
WILLIAMS, Judge.
Appellant, Cinda Slagle Knoepfler,[1] appeals a judgment reducing an award for child support owed by appellee, Garner J. Knoepfler, Jr.. Appellant assigns as error: 1) the trial court's refusal to consider the income of Mr. Knoepfler's second spouse in determining his obligation to pay, where Mr. Knoepfler and his second spouse entered into a matrimonial agreement establishing a separation of property regime; 2) the trial court's reduction of the award under LSA-R.S. 9:311, which requires a change in circumstances before an award can be modified; 3) the trial court's refusal to consider parol evidence as to the intent of that matrimonial agreement; and 4) the trial court's method of determining the amount of child support owed by Mr. Knoepfler. After reviewing the testimony and evidence and the law applicable to this case, we hold that the trial court clearly abused its discretion in reducing the award of child support. Accordingly, we reverse the judgment of the trial court and reinstate the award of $675.00 per month for both children.
*1032 The parties to this litigation were divorced by judgment dated October 30, 1984. The parties were granted joint custody of the minor children of the marriage, Melanie and Brian Knoepfler, and Mr. Knoepfler was ordered to pay child support in the amount of $337.50 per month per child.
Mrs. Knoepfler subsequently remarried and moved to Colorado. Mr. Knoepfler remarried and moved to St. Bernard Parish.
On January 11, 1988, Mr. Knoepfler filed a petition to decrease child support. In an amending petition, Mr. Knoepfler alleged that there had been a change in circumstances of the parties since the date of the last award. Specifically, the children were no longer receiving a private education, but were enrolled in public school in Colorado; Mr. Knoepfler was remarried and was sharing the support of his stepchildren;[2] and Mr. Knoepfler's expenses had increased without a corresponding increase in salary.
On April 22, 1988, Mrs. Knoepfler filed a petition to increase child support. She alleged that Mr. Knoepfler's means and income had increased, while her own had decreased, and that the expenses of the minor children had increased.
At the motion hearing, counsel for Mr. Knoepfler introduced into evidence the matrimonial agreement in which Mr. Knoepfler and his second spouse established a separation of property regime. The court disallowed testimony as to the intent behind the agreement. The court stated that he was "not considering the [second] wife's income." After the hearing, the court decreased the child support owed by Mr. Knoepfler from $337.50 per month per child ($675.00 per month) to $500.00 per month for both children. It is from this judgment that Mrs. Knoepfler appeals.
Assignment of Error No. 1
We first consider appellant's contention that the trial court erred when it refused to consider the income of Mr. Knoepfler's second spouse in determining his child support obligation.
In Alt v. Alt, 433 So.2d 400, 402 (La.App. 4th Cir.1983), this court held that, where a matrimonial agreement between the wife and her second husband established a separation of property regime and the wife received no revenue, interest or assets from the earnings of the second husband, evidence of the second husband's income was irrelevant to the amount of support owed by the first husband "because the second spouse's income (did) not enure to the benefit of the parent insofar as her ability to contribute to the support of the children." Also considered irrelevant was evidence that the second husband contributed to the expenses of the family home in which the children resided, as such contribution did not conclusively enhance the mother's ability to pay for the children's food, clothing and educational expenses. See also Barnes v. Rosen, 359 So.2d 1133 (La.App. 4th Cir. 1978), writ den. 362 So.2d 1120 (La.1978). Contra Lewis v. Lewis, 510 So.2d 707 (La.App. 1st Cir.1987), writ den. 513 So.2d 1213 (La.1987); Finley v. Finley, 305 So.2d 654 (La.App. 1st Cir. 1974).[3]
We note, however, that our decision in Alt does not in any way preclude the taking of evidence on the extent to which the parties to the matrimonial agreement are fulfilling the stipulations of the contract, i.e., whether or not and to what extent the two actually share income notwithstanding the existence of the matrimonial agreement. To rule otherwise would enable a parent to circumvent his child support obligation by executing, but never giving effect to, a marriage contract establishing a separation of property regime.
In the instant case, Mr. Knoepfler and his second spouse entered into an agreement which expressly renounced the community regime and established a separation *1033 of property regime. In the agreement, each party reserved the administration and free enjoyment of their respective property and revenues. Although the testimony showed that the two shared expenses, there was no evidence that they shared income or did not give effect to the marriage contract. Under the general rule of Alt, the income of Mr. Knoepfler's second wife is irrelevant to the amount owed by Mr. Knoepfler here, and the trial court properly refused to consider the income of Mr. Knoepfler's second spouse.
Assignment of Error No. 2
Next, appellant contends that the trial court erred in reducing child support because the evidence did not show a change in circumstances which could justify the reduction. We agree.
LSA-R.S. 9:311 provides, in pertinent part:
An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.
The granting or modification of an award of child support is within the sole discretion of the trial court and will not be disturbed absent clear abuse of that discretion. Durbin v. Durbin, 424 So.2d 1130, 1132 (La. App. 1st Cir.1982). See also Carriere v. Alexander, 504 So.2d 567, 570 (La.App. 3d Cir.1987), citing Guice v. Guice, 411 So.2d 663 (La.App. 4th Cir.1982).
Mr. Knoepfler testified in the instant case that, at the time of the previous award, one of the children was enrolled in private school and the other in a nursery, expenses which were considered in reaching an agreement on the amount of support to be paid. At the time of the motion hearing, the children were enrolled in public school in Colorado and their tuition costs had decreased accordingly. Since the previous award, Mr. Knoepfler and his second wife had bought a house together for which they were sharing expenses. The affidavit of income and expenses filed by Mr. Knoepfler lists "Miscellaneous Expenses" of $400.00. However, when asked what his miscellaneous expenses were, Mr. Knoepfler answered, "That's what I call pocket money, sir.... (T)hat money is money I give to my stepchildren because I feel some obligation to contribute to their support, also." Mr. Knoepfler's salary had increased about $1,500.00 in the four years since the previous award to $28,944.64 in 1987.
Mrs. Knoepfler testified as to the change in circumstances of herself and the children. She stated that the children had school related expenses, although it is unclear from the record whether or not these expenses were greater than at the time of the previous award. She testified that one of the children had a mild form of dyslexia, a learning disability, and would require either summer school or a private tutor. She also testified that the cost of living was greater in Colorado and that the children had expenses for winter clothing in Colorado which were previously unnecessary in our Louisiana climate. In addition, the children pay their proportionate share, i.e., one-fourth each, of an $850.00 per month house note. The record shows that Mrs. Knoepfler and her second husband did suffer financial difficulties, as their joint tax return for 1987 listed gross wages of only $6,782.22. At the time of the hearing, Mrs. Knoepfler's second husband was employed and she was working. However, her employment was through three temporary services, as she had been unable to secure a permanent position despite her apparent persistence.
Thus, while the record indicates some changes which might otherwise warrant a reduction in the award, the facts of this case clearly evidence considerable contravening changes as to Mrs. Knoepfler and the children. In view of all the circumstances, we find that the trial court clearly abused its discretion in reducing the award.
For the foregoing reasons, we reverse the judgment of the trial court reducing the award and reinstate the award of $337.50 per month per child. Appellant's *1034 remaining assignments of error are pretermitted.
REVERSED.
NOTES
[1] Mrs. Knoepfler has remarried and her name is now Cinda Slagle Griffin.
[2] It appears that the trial court did not consider Mr. Knoepfler's support of his stepchildren a change in circumstances, as the transcript of the hearing shows that testimony concerning the children of Mr. Knoepfler's second wife was ruled immaterial and inadmissible.
[3] In Alt, this Court expressly rejected the rationale of Finley.