PATTERSON, Judge.
Curtis Adolphson appeals from a judgment of the trial court requiring him to pay $57,538.25 in attorney’s fees and $26,326.73 in costs incurred by his former wife, Christie (Adolphson) Mintz, in a post-judgment dispute involving child custody and support. The former husband contends that the trial court erred in its determination that the former wife did not have the ability to pay all or any portion of the fees and costs awarded. We reverse.
The parties’ marriage was dissolved in Hillsborough County in 1984. After the dissolution, the wife, together with the parties’ minor child, moved to Louisiana. Christie remarried in Louisiana, which is a community property state. Prior to her marriage to Mitchell Mintz, a man of considerable means and income, Christie entered into a matrimonial agreement with Mitchell which renounced the community regime and established a separation of property and income.[1]
The evidence adduced established that Christie has a present actual income, working in her husband’s business, of $11,000.00 per year and an imputed income of $27,-000.00 per year, which represents what she could earn in New Orleans as a registered nurse. If Mitchell Mintz’s income were to be considered as community property, her income would be in excess of $300,000.00 per year.
*226 The trial court determined that the matrimonial agreement, standing alone, overcame the presumption of community property and would not permit evidence on the question of whether Christie and Mitchell were in fact honoring the terms of their agreement. This issue is governed by the law of Louisiana, which provides that the existence of a matrimonial agreement does not “preclude the taking of evidence on the extent to which the parties to the matrimonial agreement are fulfilling the stipulations of the contract, i.e., whether or not and to what extent the two actually share income notwithstanding the existence of the matrimonial agreement.” Knoepfler v. Knoepfler, 553 So.2d 1031, 1032 (La.App. 4 Cir.1989); see also Butler v. Burks, 99 So.2d 180 (La.App. 2 Cir.1957) (presumption of community can be overcome upon proper proof). These decisions reflect the law of Louisiana to be that married persons cannot circumvent obligations “by executing, but never giving effect to, a marriage contract establishing a separation of property regime.” Knoepfler, 553 So.2d at 1032. If Christie and Mitchell never gave effect to their matrimonial agreement, the trial court could disregard it and consider Christie’s community property interest in Mitchell’s income in accord with the law of Louisiana, as if the agreement did not exist.
Evidence as to the manner in which Christie and Mitchell have dealt with Mitchell’s income in relation to their matrimonial agreement is therefore relevant to the issue of Christie’s ability to pay all or part of the attorney’s fees and costs incurred in this litigation. Thus, it was error for the trial court to refuse to consider it.
The former husband also contends that the amount of the attorney’s fees and costs awarded was error. The record shows competent substantial evidence to support the amount of the award, and the trial court did not abuse its discretion in determining a reasonable amount of attorney’s fees and costs under the circumstances of this case.
Reversed and remanded for further evi-dentiary proceedings consistent with this opinion.
HALL, A.C.J., and PARKER, J., concur.

. See La.Civ.Code Anno. art. 2328 (West 1985).